## NATIONAL BANK OF DETROIT *v.* DEPARTMENT OF REVENUE.

1. TAXATION—RETAIL SALES—NATIONAL BANKS—LEGAL INCIDENCE OF TAX.

    Retail sales to a banking association organized under the Federal reserve act are subject to the State general sales tax, even though the economic burden is, in the main, passed on to the consumer, since the legal incidence of the tax rests on the retailer who is made liable to the State for the payment of the tax (PA 1933, No 167, as amended).

2. SAME—RETAIL SALES—ECONOMIC BURDEN.

    The purchaser at a sale subject to the State general sales tax, is not the taxpayer, in legal contemplation, even though the economic burden may be shifted to him (PA 1933, No 167, as amended).

3. SAME—RETAIL SALES—NATIONAL BANK—STATUTES.

    Retail sales made by a national bank in its cafeteria to its employees and of repossessed property to others are not subject to State general sales tax, since such a bank is a Federal government instrumentality which a State is specifically authorized to tax only by methods set forth in Federal act, not inclusive of a general sales tax (12 USCA, § 548; PA 1933, No 167, as amended).

4. COSTS—APPEAL BY BOTH PARTIES—AFFIRMANCE.

    No costs are allowed upon affirmance of decree rendered by trial court, where both parties appealed and neither prevailed on its appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Sales and Use Taxes § 24.
[1] What amounts to a sale at retail within tax statutes or ordinances. 139 ALR 372.
[2, 3] 47 Am Jur, Sales and Use Taxes § 22.
[4] 14 Am Jur, Costs §§ 91, 92.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 18, 1954. (Docket No. 43, Calendar No. 46,162.) Decided October 4, 1954. Appeal dismissed by the Supreme Court of the United States May 23, 1955.

Bill by National Bank of Detroit, a national banking corporation, against Department of Revenue of the State of Michigan, for declaration of rights in respect to levy of sales tax on tangible personal property. Decree holding bank not subject to tax on items it sold, but that tax was properly imposed on items it purchased from suppliers. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Dickinson, Wright, Davis, McKean & Cudlip,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistants Attorney General, for defendant.

CARR, J. The plaintiff is a national banking institution organized under the Federal statute (12 USCA, § 21 *et seq.*; USRS, § 5133 *et seq.*). Its principal office is in the city of Detroit and it maintains 43 branches throughout the metropolitan area. In addition to serving its depositors, it acts as agent for the Federal government in the purchase and sale of securities, the issuance and redemption of United States savings bonds, and in other ways. In the course of its operations it purchases from Michigan retailers furniture, office equipment, and other tangible personal property necessary to the conduct of its business. It also operates a cafeteria for the benefit of its employees, to whom it sells food and service, and from time to time sells repossessed merchandise

to other parties. The defendant department of revenue is charged by statute with the administration of the Michigan sales tax act.*

Prior to July 1, 1949, the sales tax act was construed as exempting from the tax sales to national banks. Act No 272, § 4, of the Public Acts of that year (CLS 1952, § 205.54, Stat Ann 1950 Rev § 7.524), purported to eliminate such exemption. Thereupon the defendant took the position that the tax was payable on sales made to plaintiff, and retailers added the amount of the tax to their selling price. Plaintiff has also paid the tax on the sales made by it in the course of its operations.

The present suit was instituted for the purpose of obtaining a declaratory decree† determining whether or not the transactions referred to are subject to the payment of the sales tax imposed on retailers for the privilege of transacting business in this State. Specifically, plaintiff asked in its bill of complaint that the Court declare: 1st, That retail sales of tangible personal property to plaintiff are not subject to the sales tax; and 2d, That the tax is not applicable to retail sales of tangible personal property made by plaintiff. It is the theory and claim of the plaintiff that since the retailers from whom it makes its purchases in this State habitually include the tax in the selling price the economic burden falls on it, and that, in consequence the tax, in practical effect, is one imposed on it as a result of its purchases. The trial court rejected the contention, pointing out that the Michigan statute does not require, as a matter of law, that any part of the tax shall be passed on by the retailer to the purchaser, and holding that the legal incidence of such tax is

---

* PA 1933, No 167, as amended (CL 1948 and CLS 1952, § 205.51 et seq. [Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp, § 7.521 et seq.]).

† PA 1929, No 36 (CL 1948, § 691.501 et seq. [Stat Ann § 27.501 et seq.]).

on the seller of the merchandise and not on the purchaser. It was further held that sales of merchandise made by plaintiff in the course of its operations are not subject to the tax. A decree was entered accordingly, and both parties have appealed.

The first question raised by plaintiff has been determined by this Court in *Federal Reserve Bank of Chicago* v. *Department of Revenue,* 339 Mich 587. It was there held that sales to a banking association organized under the Federal reserve act (38 Stat 251 [12 USCA, § 221 *et seq.*]) are subject to the tax even though the economic burden is, in the main, passed on to the consumer. After an analysis and discussion of the decisions of the United States supreme court cited by counsel, the conclusion was reached that in case of the sale of merchandise the legal incidence rests on the retailer who is made liable to the State for the payment of the tax. The conclusion reached is controlling in the instant case.

Counsel for plaintiff here have suggested, in their briefs and on the oral argument, that the position of a national bank may be distinguished from that of a Federal reserve bank. The claim is based on 12 USCA, § 548 (USRS, § 5219, as last amended by 44 Stat 223). Said section in terms authorizes the State to tax shares of national banks in any 1 of 4 specific methods designated. It is argued that Michigan by its intangible tax law has adopted 1 of such permissible methods, and therefore may not impose a further tax on national banks. We think the argument is fully met by the opinion in the case above cited. Since the legal incidence of the tax does not fall on the purchaser of merchandise but rather on the retailer, such purchaser, in legal contemplation, is not the taxpayer even though the economic burden may be shifted to him.

The reason on which the decision in the *Federal Reserve Bank Case, supra,* was based necessarily

leads to the conclusion that as to sales made by it in its cafeteria, and of repossessed merchandise, plaintiff is not subject to the payment of the sales tax. Here the legal incidence of such tax obviously falls on it.   Under the doctrine of implied constitutional immunity extended to an instrumentality of the Federal government, as well as under the specific provisions of the National banking act, particularly the section thereof above cited, the State may not impose such tax and the statute may not properly be construed as contemplating it.

The decree of the trial court is affirmed.   Neither party having prevailed on its appeal, no costs are allowed.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.