## Higley v. Gleeson

*Emanuel E. Farbman* and *Blair N. Reiley, Jr.,* for plaintiff.

*Edward Friedman,* for defendant.

RICHARDS, P. J., April 6, 1959.—When this action was originally brought, it was captioned as above. By substitution, Sumner V. Whittier became the plaintiff and A. Allen Sulcowe became the defendant. By amendment, Charles A. Baker in his official capacity as Commissioner of Records of the City of Philadelphia, was added as another defendant. The Secretary of Revenue is charged with enforcement of the act hereinafter referred to, and the commissioner of records is the official who is responsible for the recording of deeds in Philadelphia.

An answer to the complaint was filed and hearing held. At this hearing a stipulation of facts was filed. Since there is no dispute as to fact, we find the facts to be as set forth in the stipulation. We shall briefly summarize them.

By law, the Administrator of Veterans Affairs is authorized to guarantee the repayment of mortgage loans granted to veterans. Pursuant thereto it guaranteed a loan, secured by a bond and mortgage, made

to Robert J. Carson and Mary E. Carson, his wife, by Peoples Bond and Mortgage Company. Robert J. Carson died some 14 months thereafter. The mortgage became in default. Thereupon plaintiff acquired by assignment two mortgages and bonds executed by the said Robert J. Carson and his wife, to Peoples Bond and Mortgage Company. Thereafter, Mary E. Carson conveyed the property in question to plaintiff in consideration of release of liability on the mortgage bonds. No realty transfer stamps were affixed to the deed as required by the Realty Transfer Tax Act of December 27, 1951, P. L. 1742, 72 PS §3283, et seq. When the deed was tendered for recording in Philadelphia, recording was refused, because of the absence of the tax stamps required by the Pennsylvania act. This action followed, in an attempt to compel recording without said stamps.

The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as reënacted and amended, is found in 72 PS §3283. The word "document" as defined in the act includes a deed: 72 PS §3284. The tax is imposed in the following language:

"Every person who *makes, executes, delivers,* accepts or presents for recording any document, or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction *or any part thereof,* or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one (1) per centum of the value of the property represented by such document, *which State tax shall be payable at the time of making, execution, delivery,* acceptance or presenting for recording of such document": 72 PS §3285. (Italics supplied.)

No deed may be recorded unless the stamps are affixed:

*"No document upon which tax is imposed by this act shall be* made the basis of any action or other legal proceeding, nor shall proof thereof be offered or received in evidence in any court of this Commonwealth, or *recorded in the office of any recorder of deeds of any county of this Commonwealth unless a documentary stamp or stamps as provided in this act have been affixed thereto"*: 72 PS §3289. (Italics supplied.)

The act makes it unlawful to do certain things:

*"*(a) *It shall be unlawful for any person to:*

*"*1. *Make, execute, deliver, accept,* or present for recording or cause to be made, executed, delivered, accepted or *presented for recording any document, without the full amount of tax thereon being duly paid;* or, . . ."*: 72 PS §3291. (Italics supplied.)

Our Supreme Court has held that the tax is on the "transaction" and that there is a dual responsibility to pay the tax.

"We think it clear that the tax imposed is upon transactions relating to real estate as evidenced by documents as the latter are defined in Section 2 of the Act, with dual liability for its payment. We approve and adopt the language of the Chancellor: 'It is not a tax on the real estate itself, nor a tax on the document per se, nor a tax upon the vellum, parchment or paper on which it is written. It is a tax "for and in respect" to the document, "or for and in respect of the vellum, parchment or paper upon which such document is written or printed." ' Back of the words used to express the legislative intent is the clear purpose, as evidenced by the definition, to tax certain transactions pertaining to real estate. This purpose is obvious from the fact that the tax base is the value of the property involved in the transaction": Page 50.

". . . we think it is reasonably apparent that the legislative purpose here was to impose one tax upon

the transaction with liability by both parties thereto for its payment. It is made the duty of both parties to the transaction to see that the tax is paid. This dual responsibility may be discharged as they agree": Sablosky v. Messner, 372 Pa. 47, at pages 50 and 51.

Notwithstanding these provisions, plaintiff argues that as a governmental agency it is exempt from the tax and that this exemption applies also to the grantor. The Commonwealth concedes that plaintiff is exempt but denies that the grantor is exempt. Plaintiff has referred us to certain cases which it seems to feel support its position. With this we do not agree. We have heretofore dealt with some of them. We quote from Lake v. Gleeson, 70 Dauph. 50, 52, as follows:

"We see nothing in Federal Land Bank of New Orleans v. Crosland, 261 U. S. 374, to the contrary. There the State attempted to tax a mortgage given to a federal instrumentality, which the U. S. Supreme Court said could not be done. But that tax was on the mortgage directly (p. 378). Under the Realty Transfer Tax Act of this state, no tax is imposed on the deed. It is upon the transaction. Essentially the same situation exists in Pittman v. Home Owners Loan Corp., 308 U. S. 21. There too, the Home Owners Loan was a federal instrumentality and the tax was on the mortgage (see page 29).

"The defendants stress Alabama v. Knig & Boozer, 314 U. S. 1. There a cost plus contractor was obliged to pay a sales tax and passed it on to the U. S. Government. It was held that no constitutional immunity prohibited this. While not entirely in point, it does show that one who contracts with the U. S. Government is not always relieved from the payment of tax, a situation somewhat similar to the present case."

In National Bank of Detroit v. Department of Revenue of the State of Michigan, 340 Mich. 573, 66 N. W.

2d 237, the court was dealing with a tax on sales of tangible property. When sales were made to plaintiff, the tax was passed on by the vendor to the purchaser, although the incidence of the tax was not on the purchaser but on the vendor. It was held that this did not violate any constitutional immunity of the plaintiff. It was likewise held that when plaintiff sold repossessed tangible property, the incidence of the tax was on it as vendor and the constitutional immunity of an instrumentality applied, so that no tax thereon could lawfully be collected. An appeal to the United States Supreme Court was dismissed: 349 U. S. 934 (1955).

It is rather interesting to compare some provisions of the Internal Revenue Code imposing a documentary stamp. For example, 26 U. S. C. §4361, imposes the tax on deeds. Section 4384, in part, reads as follows:

"The taxes imposed by this chapter shall be paid by any person who makes, signs, issues, or sells any of the documents and instruments subject to the taxes imposed by this chapter, or for whose use or benefit the same are made, signed, issued or sold. . . ."

It will thus be seen that the Federal statute imposes a dual liability for the payment of the tax. In interpreting and applying this act, a number of interesting rulings have been made. A conveyance to a political subdivision of a State, to wit, a city, is subject to the tax: Internal Revenue Bulletin, 1958-46, page 14. A conveyance by mortgagor to mortgagee in consideration of cancellation of a mortgage debt is taxable: Special Ruling, July 28, 1932, 322 C. C. H. 2348. A conveyance by sheriff's deed to a Federal savings and loan association in a mortgage foreclosure proceeding is subject to the documentary stamp tax, payable by the nonexempt party to the transaction: Internal Revenue Ruling 57-373, 1957-2, C. B. 775. In this ruling it was stated:

"The documentary stamp tax imposed on deeds, when title to real estate is conveyed, is a tax *on the transaction* and is applicable to conveyances in foreclosure proceedings, as well as to voluntary conveyances. There is no distinction under the stamp tax law or regulations between voluntary and involuntary conveyances and the tax applies equally to both.

"In view of the foregoing, a Federal Savings and Loan Association is not liable for the documentary stamp tax imposed by Section 4361 of the Code with respect to a conveyance of real property acquired in a mortgage foreclosure proceeding. This exemption, however, does not relieve the other party to the transaction from liability for the tax, in view of the dual liability provisions of section 4383 of the Code, under which the tax is payable by and collectible from the grantor or the grantee, unless otherwise specifically exempt. Accordingly, it is held that when real property is conveyed by sheriff's deed to a Federal Savings and Loan Association in a mortgage foreclosure proceeding, *the instrument of conveyance is subject to the documentary stamp tax and such tax is payable by the nonexempt party to the transaction.* See also Rev. Rul. 57-72 I. R. B. 1957-8, 13 and Mimeograph 4497, C. B. X V-2, 354 (1936)."

". . . the United States or any agency or instrumentality thereof is not liable for the documentary stamp tax imposed by Sec. 4361 of the Code with respect to a conveyance of real property acquired by it in a condemnation proceeding. However, this exemption does not relieve the other party to the transaction from his liability for such tax in view of the dual liability provisions of Section 4383 of Code, under which the tax is payable by and collectible from the grantor or grantee, unless otherwise specifically exempt . . .": I. R. B. Cumulative Bulletin 1957-1, p. 415, Rev. Rul. 57-72.

Conveyances of real property to or by a State or political subdivision or corporate instrumentality thereof are not exempt merely by reason of the governmental character of one of the parties to the transaction. The nonexempt party remains liable for the tax: Miscellaneous Tax Ruling 39, 1950-1 C. B. 141.

"Where a deed of conveyance is between a state and one of its political subdivisions with both parties thereto functioning in their governmental capacities, both parties thereto are immune from the payment of the documentary stamp tax imposed by Sec. 4361 of the Internal Revenue Code of 1954": I. R. B. Cumulative Bulletin 1958-1, page 462, and Rev. Rul. 58-161.

From the foregoing it appears that the Federal Government has construed its own documentary stamp tax law to be a tax on the *transaction;* that there is a *dual* liability to pay the tax, and that *only exempt parties* are excused from payment of the tax. This last position is diametrically opposed to the position taken here and wholly inconsistent therewith. We therefore make the following

*Conclusions of Law*

1. The transaction here involved is not exempt from the payment of the taxes imposed by the Pennsylvania Realty Transfer Tax Act.

2. Plaintiff is exempt from payment of the tax.

3. The grantor is liable for payment of the tax.

4. The deed may not be recorded until the tax is paid.

5. The action should be dismissed.

*Decree*

And now, to wit, April 6, 1959, judgment is entered for defendant and against plaintiff, and suit dismissed at the cost of plaintiff unless exceptions hereto be filed within 30 days as provided by law. The prothonotary is directed to notify the parties or their counsel of this decree forthwith.