DOMESTIC LINEN SUPPLY & LAUNDRY COMPANY
v. DEPARTMENT OF TREASURY

1. TAXATION—USE TAX—RENTAL—TANGIBLE PERSONAL PROPERTY—TIME PERIOD—STATUTES.

The provision of the use tax statute that the lessor is to be deemed the consumer of tangible personal property rented or leased for a period of less than seven consecutive days for the purposes of assessing the use tax necessarily implies that the lessee shall be deemed to be the consumer where the rental period is longer (MCLA § 205.92[f]).

2. TAXATION—USE TAX—RENTAL—TANGIBLE PERSONAL PROPERTY.

Linens furnished by a corporation engaged in the business of furnishing, picking up, laundering, and returning linens to customers under contracts with a minimum duration of one year, where the customer assumes financial responsibility for all linens in its possession, specific items are identified with a particular customer and are returned to the same customer after laundry, the corporation's route men pick up and deliver at the customer's place of business weekly, and in the usual course of business no specific items are returned to the cor-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur, Sales and Use Taxes §§ 54–56.

poration within a consecutive seven-day period, are tangible personal property leased for a period of seven consecutive days or longer, and the customer is therefore the consumer for purposes of assessing the use tax (MCLA § 205.91 *et seq.*).

Appeal from Court of Claims, William John Beer, J. Submitted Division 2 November 6, 1970, at Lansing. (Docket No. 8527.) Decided January 21, 1971.

Appeal by Domestic Linen Supply & Laundry Company from an assessment of use tax by the Department of Revenue. The State Board of Tax Appeals affirmed. Plaintiff appealed to the Court of Claims. Reversed. Defendant (now the Department of Treasury) appeals. Affirmed.

*Levin, Levin, Garvett & Dill* (by *Leonard J. Grabow*), for plaintiff.

*Frank J. Kelley,* Attorney General, and *William D. Dexter* and *James B. Saunders,* Assistant Attorneys General, for the defendant.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

CHURCHILL, J. Domestic Linen Supply & Laundry Company, hereinafter called Domestic Linen, is a Michigan corporation engaged in the business of furnishing, picking up, laundering, and returning linens[1] to customers, including hotels, restaurants, hospitals, governmental, and charitable organizations, under contracts with a minimum duration of one year.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In the context of the business the term linens includes garments as well as sheets, pillow cases, towels, and table linens.

The contracts provide that the customer assumes financial responsibility for all linens in its possession. Specific items are identified with the particular customer and are returned to the same customer after laundry. Domestic Linen's route men pick up and deliver at the customer's place of business on a weekly basis and, in the usual course of business, no specific item is returned to Domestic Linen within a consecutive seven-day period.

Domestic Linen reported and paid a use tax[2] on approximately 75% of the linen which it purchased for use in its business, most of such purchases being from out-of-state firms. It claimed a deduction on its monthly tax return equal to 25% of the cost of linen purchased on the rationale that 25% of its rental income was on rental contracts with tax exempt institutions, mainly hospitals organized as nonprofit corporations.[3]

The Department of Revenue, on an audit, disallowed the deduction for the period from July 1, 1961, to February 28, 1965, imposing a use tax assessment of $7,099.88 plus interest.

Domestic Linen appealed the assessment to the State Board of Tax Appeals[4] by whom the assessment was held to be valid. From this determination Domestic Linen sought review in the Court of Claims[5] wherein the trial was *de novo,* although, by stipulation, on the record made before the State Board of Tax Appeals.

The Court of Claims held the assessment to be invalid because the linen was supplied to institutions with tax-exempt status, citing *Garavaglia* v. *Department of Revenue* (1953), 338 Mich 467, as the controlling authority. From the judgment for Do-

---

2 MCLA § 205.91 *et seq.* (Stat Ann 1960 Rev § 7.555[1] *et seq.*).
3 MCLA § 205.94 *et seq.* (Stat Ann 1960 Rev § 7.555[4] *et seq.*).
4 MCLA § 205.7 (Stat Ann 1960 Rev § 7.657[7]).
5 MCLA § 205.9 (Stat Ann 1960 Rev § 7.657[9]).

mestic Linen entered in the Court of Claims the Department of Treasury appeals to this court.

The Attorney General, for the Department of Treasury, argues that *Garavaglia* applies only when the economic burden of the tax is passed on to the state, relying on *Federal Reserve Bank* v. *Revenue Department* (1954), 339 Mich 587, and on *National Bank* v. *Revenue Department* (1954), 340 Mich 573, to support its position.

We are of the opinion that the rights of the parties are determined by the language of the Use Tax Act[6] as applied to the facts.

Section 3 of the Use Tax Act imposed the tax on a fixed percentage of the price of the property.[7] Section 2, subsection (f) provided, in part, as follows:

" 'Price' means the aggregate value in money * * * paid * * * by a consumer to a seller in the consummation and complete performance of the transaction by which tangible personal property * * * shall have been purchased or rented for * * * use or other consumption in this state, without any deduction therefrom on account of * * * labor or service cost * * * or any other expense whatsoever. It is hereby provided that *no tax is to be computed on rental receipts when the tangible personal property is rented or leased for a period that is less than 7 consecutive days, and in such instance, the lessor shall be deemed to be the consumer of the tangible personal property so rented.*"[8] (Emphasis added.)

If Domestic Linen had rented linen to its customers for periods less than seven consecutive days, then, by the operative language of the statute, it would have been deemed to have been the consumer.

---

[6] The provisions of the statute which we deem to be controlling were amended by PA 1969, No 214.

[7] MCLA § 205.93 (Stat Ann 1960 Rev § 7.555[3]).

[8] MCLA § 205.92(f) (Stat Ann 1960 Rev § 7.555[2][f]).

By necessary implication the legislature intended the converse to be true.

Domestic Linen's customers, not Domestic Linen, were the consumers of the linen, and were the persons subject to the tax. The linen which was the subject matter of this suit was consumed by tax-exempt organizations. The assessment was invalid.

The judgment entered in the Court of Claims is affirmed. No costs, a public question is being involved.

All concurred.