GRAND TRUNK WESTERN RAILROAD COMPANY v. BOYD.

1. Contracts—Exemption from Liability under Federal Employ-ers' Liability Act—Venue.
   "Liability," as the term is used in portion of Federal employers' liability act making void any contracts of a carrier to exempt itself from liability, does not include venue (45 USCA, §§ 51, 55, 56).

2. Same—Public Policy—Exemption from Liability—Fraud—Ac-crual of Action.
   While contracts to evade liability for damages or waiver of lia-bility under the Federal employers' liability act as a condition of employment are void as against public policy, the reason for such prohibition does not exist as to a fair and reasonable contract made without fraud after a cause of action has ac-crued (45 USCA, §§ 51, 55, 56).

3. Venue—Liability.
   In civil cases the common meaning of "liability" is that it is an obligation to pay a debt or amount owed and does not include venue.

---

References for Points in Headnotes
[1] 35 Am. Jur., Master and Servant, § 415.
[2, 5] 35 Am. Jur., Master and Servant, § 412.
[2] Constitutionality of statute relating to release of, or contract of employment for the enforcement of, claims for personal in-juries or death, or invalidating contracts exonerating an em-ployer from liability in respect of injury to employee. 84 A.L.R. 1297.
[4, 5] 56 Am. Jur., Venue, § 38.

4. SAME—WAIVER—LOSS.
   Venue relates to the convenience of litigants and may be waived or lost if not seasonably asserted.

5. CONTRACTS—FEDERAL EMPLOYERS' LIABILITY ACT—WAIVER OF VENUE.
   Contracts between employer engaged in interstate commerce and its injured employee, whereby latter waived venue of his action for damages against employer elsewhere than in the county or district in which he resided or was injured were not invalid agreements under the Federal employers' liability act and were binding upon the employee (45 USCA, §§ 51, 55, 56).

6. COSTS—PUBLIC QUESTION—CONTRACTS RELATING TO VENUE IN ACTION UNDER FEDERAL EMPLOYERS' LIABILITY ACT.
   No costs are allowed in suit to enjoin injured employee from taking further proceedings in action commenced against employer, engaged in interstate commerce, in a jurisdiction as to which venue had been waived by contracts entered into after the injuries were received, a question of public importance being involved (45 USCA, §§ 51, 55, 56).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 9, 1948. (Docket No. 55, Calendar No. 43,966.) Decided June 29, 1948. Rehearing denied October 4, 1948. Application for certiorari filed in the Supreme Court of the United States December 29, 1948.

Bill by Grand Trunk Western Railroad Company, a Michigan corporation, against Alexander Boyd to restrain prosecution of action in Superior Court of Cook County, Illinois. Bill dismissed. Plaintiff appeals. Reversed, temporary injunction restored and case remanded for further proceedings.

*George F. Gronewold* (*H. Victor Spike* and *Forbes B. Henderson,* of counsel), for plaintiff.

*Mechem & Mechem* (*Melvin L. Griffith* and *Walter N. Murray,* of counsel), for defendant.

REID, J. Plaintiff filed the bill of complaint for an injunction forbidding defendant from taking further

proceedings with an action brought by defendant against plaintiff elsewhere than in the county or district where defendant resided or was injured, contrary to two agreements. From a decree dismissing the bill on motion, plaintiff appeals.

Defendant Boyd was injured on November 23, 1946, at Battle Creek, Michigan, while in the employment of plaintiff railroad company, which company was then and there operating as a common carrier in both interstate and intrastate commerce. On December 5, 1946, on request of defendant Boyd, plaintiff railroad company advanced to him $50, without admitting liability, and in consideration of the advancement defendant Boyd signed an agreement containing the following:

"If my said claim cannot be settled to my satisfaction and should I wish to start suit against said Grand Trunk Western Railroad Company to recover damages for my said injuries, that any such suit shall be commenced within the county or district where I resided at the time my injuries were sustained or in the county or district where my injuries were sustained and not elsewhere."

On December 21, 1946, defendant Boyd, being in further need of money, requested another advancement and plaintiff railroad company thereupon furnished him an additional $50 as an advancement, in consideration of which defendant signed a further agreement containing language identical with that above quoted.

Plaintiff does not dispute that defendant was injured and that when he was injured both defendant and the plaintiff railroad company were engaged in interstate commerce and that defendant's cause of action arose under the Federal employers' liability act, that defendant's injuries were such as to prevent him from going back to work, that he was with-

out funds for living expenses, that the amount of the two payments totaling $100 it was agreed should be deducted from the final amount the plaintiff railroad company would be required to pay him in settlement or satisfaction of his judgment or otherwise.

On June 25, 1947, defendant began a suit against plaintiff railroad company in the superior court of Cook county, Illinois, to recover damages for his said injury. Plaintiff railroad company seeks to enjoin defendant from proceeding any further in said suit and alleges that it will suffer irreparable harm if compelled to bring its witnesses to Cook county superior court; that about 10 or more competent witnesses, all living in Michigan, would be required to attend the trial outside of the State of their residence; that the expense of procuring the attendance of the witnesses in Cook county superior court would be very much greater than if the trial could be had in Michigan; that the witnesses could not be compelled to cross the State line; that many of them might refuse to attend in the State of Illinois; and that plaintiff railroad company would be put to a great disadvantage in attending at the venue chosen by defendant.

Defendant claims the two agreements to be void as contravening the provisions of the Federal employers' liability act, as amended in 1939, 45 USCA, §§ 55, 56 of which are in part as follows:

"Sec. 55. Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any *liability* created by this chapter, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the in-

jured employee or the person entitled thereto on account of the injury or death for which said action was brought.

"SEC. 56.   *   *   *   Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action.   The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."   (Italics supplied.)

Plaintiff railroad company claims that the liability mentioned in section 55 is the liability to respond in damages, and has no reference to venue.  Plaintiff further claims that by the two contracts the liability remains unchanged and that only the venue is affected.  Plaintiff further claims that the word "liability" italicized in the above quotation of section 55 means the liability created in section 51 of the same chapter, the Federal employers' liability act, as amended in 1939, 45 USCA, § 51, which reads in part as follows:

"Every common carrier [engaged in interstate commerce]   *   *   *   *shall be liable in damages* to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars,

engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." (Italics supplied.)

Plaintiff further claims that the provisions of section 55 are aimed at a present evasion of a future occurring liability and not at a compromise or settlement of an already accrued cause of action.

We must consider the meaning of the word "liability" as used in section 55 in question, and on the determination of the construction to be given that word will depend the result of this case.

Webster's New International Dictionary (2d Ed.), Unabridged, gives the following definition of "liability":

"1. State or quality of being liable; as, the *liability* of an insurer.

"2. That which one is under obligation to pay, or for which one is liable. * * *

"3. * * * A debt; an amount which is owed."

" 'Liabilities' are the antithesis of 'assets.' " *Lovejoy* v. *Inhabitants of Foxcroft,* 91 Me. 367 (40 Atl. 141, 147), cited in 25 Words and Phrases (Perm. Ed.), p. 39.

Our attention has not been directed to any case which uses the word "liability" as meaning venue, excepting the four cases cited by defendant: *Petersen* v. *Ogden Union Railway & Depot Co.* 110 Utah, 573 (175 Pac. [2d] 744); *Sherman* v. *P. M. Ry. Co.,* 62 Fed. Supp. 590; *Fleming* v. *Husted,* 68 Fed. Supp. 900; and *Krenger* v. *Pennsylvania R. Co.,* 8 F.R.D. 65.

To an effect contrary to the above four cases, the following construe the word liability in such a manner as to result in upholding the two contracts in question: *Detwiler* v. *Lowden,* 198 Minn. 185, 190 (269 N. W. 367, 838, 107 A. L. R. 1054, 1059); *Detwiler* v. *Chicago, R. I. & P. Ry. Co.,* 15 Fed. Supp.

541; *Clark* v. *Lowden,* 48 Fed. Supp. 261; *Herring-ton* v. *Thompson,* 61 Fed. Supp. 903; *Roland* v. *Atchison, T. & S. F. Ry. Co.,* 65 Fed. Supp. 630; *Akerly* v. *N. Y. Cent. R. Co.,* 73 Fed. Supp. 903 (16 L. W. 2175).

There are reasons why Congress should interest itself in prohibiting contracts that would evade liability for damages or contracts requiring employees to waive such liability as a condition of employment; but there is no apparent reason why Congress should interest itself in prohibiting a fair and reasonable contract made without fraud after a cause of action has accrued.    The two contracts in question would serve the convenience of both parties and give the defendant a choice between the circuit court of Calhoun county and the Federal court of the western district of Michigan, either of which forums would afford to the defendant a full and complete remedy.    The act of defendant in bringing the suit in the Chicago court as described in the declaration savors strongly of nuisance value.

If Congress by using the word liability in section 55 had intended to include venue, such intent could have been readily and clearly expressed.    It is to be noted that Congress did not say "exempt itself from any of the provisions of this chapter," but Congress says only "from any liability created by this chapter."

Section 51 of the chapter (hereinbefore quoted) declares the matters for which the employer is "liable" and that liability is for injuries sustained by an employee.    That liability in its various forms is plainly the liability contemplated in section 55 in question.

In respect to civil (as distinguished from criminal) cases, the common meaning of "liability" is that it is an obligation to pay a debt or amount owed and does not include venue.    While there is a conflict in

the authorities, in construing the section in question, section 55, we give to the word liability simply its plain and almost universally accepted meaning. We find that the weight of authorities sustains contracts of the nature of the contracts in question.

Venue may be waived.

"Venue relates to the convenience of litigants, and therefore may be waived by them. * * * The right to have a case heard in the court of proper venue may be lost unless seasonably asserted. * * * The right to have a case heard in the court of proper venue may be waived by any party, including the government." *Panhandle Eastern Pipe Line Co.* v. *Federal Power Commission* (syllabi L. Ed.), 324 U. S. 635, 636 (65 Sup. Ct. 821, 89 L. Ed. 1241, 1242).

For the foregoing reasons, we consider that the two contracts in question are legal and binding on the defendant.

The decree appealed from is reversed and a decree will be entered in this Court restoring the temporary injunction as granted by the lower court, and remanding the cause to the lower court for further proceedings. No costs, a question of public importance being involved.

Bushnell, C. J., and Sharpe, North, Dethmers, and Carr, JJ., concurred with Reid, J.

Boyles, J. (*concurring*). Section 6 of the Federal employers' liability act on which Boyd relies for venue in Illinois was enacted in 1910. It was in effect in 1934 at the time of this Court's decision in *Pere Marquette R. Co.* v. *Slutz,* 268 Mich. 388. Nor has it been changed since. The *Slutz Case, supra,* is bottomed on a statute of this State referring to procedure in the courts of this State on causes of action arising in this State. It is controlling here and the circumstance that there is a contract which is in

accord with the statute merely adds support to that conclusion.

In *Baltimore & Ohio R. Co.* v. *Kepner,* 314 U. S. 44 (62 Sup. Ct. 6, 86 L. Ed. 28, 136 A. L. R. 1222), there was neither a State statute nor a contract, and the case is not controlling here. For the above reasons I concur in the opinion of Mr. Justice REID.

BUSHNELL, C. J., and BUTZEL, J., concurred with BOYLES, J.