GARAVAGLIA *v.* DEPARTMENT OF REVENUE.

1. VENUE—DECLARATION OF RIGHTS—AGREEMENT OF PARTIES—SALES AND USE TAXES.

Institution of suit for declaration of rights as to liability for sales and use taxes on material, used in concrete construction work but which never became a structural part of the real estate, in Ingham county by a party not a resident thereof *held,* not subject to question, where prior to institution of suit, the parties, in conference, had agreed, that for the convenience of both the department of revenue and the taxpayer the suit should be instituted in such county (CL 1948, § 205.51 *et seq.;* § 205.91 *et seq.*).

2. DECLARATORY JUDGMENT—SALES AND USE TAXES.

A suit for declaration of rights to ascertain liability for sales and use taxes on material used in concrete construction work but which never became a structural part of the real estate was a proper procedure (CL 1948, § 205.51 *et seq.*).

3. TAXATION—STATUTES.

Tax exactions, property or excise, must rest upon legislative enactment and collecting officers can act only within express authority conferred by law.

4. SAME—CONSTRUCTION OF STATUTES.

The scope of tax laws may not be extended by implication or forced construction.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur, Declaratory Judgments §§ 9, 10.
[1, 2] Declaration of rights or declaratory judgments. 12 ALR 52; 19 ALR 1124; 50 ALR 42; 68 ALR 110; 87 ALR 1205.
[2] 16 Am Jur, Declaratory Judgments § 49.
[3] 51 Am Jur, Taxation §§ 42–44.
[4] 51 Am Jur, Taxation § 310.
[5] 51 Am Jur, Taxation § 316.
[7] 47 Am Jur, Sales and Use Taxes §§ 28, 55.
[7] Sale of building materials, supplies, or fixtures to contractor, or his use thereof in construction or repairs, as sale at retail within tax statute or ordinance. 163 ALR 276; 171 ALR 697.
Constitutionality, construction, and application of general use tax or other compensating tax designed to complement State sales tax. 153 ALR 609.
[8] 14 Am Jur, Costs § 91.

5. SAME—AMBIGUITY—CONSTRUCTION OF STATUTES.

    The language of a tax statute, if dubious, is not resolved against the taxpayer.

6. SAME—SALES TAXES—STATUTES—RULES AND REGULATIONS.

    Liability for payment of the State sales tax is controlled by statute and cannot be imposed by administrative rulings and regulations (CL 1948, § 205.51 *et seq.*).

7. SAME—SALES TAX—USE TAX—MATERIALS USED IN PERFORMANCE OF CONTRACT WITH STATE.

    Materials such as form lumber, nails, masonite, coke, grease, plywood, sinkers, burlap, hay, asbestos and rubber belts, aggregate bin and scale, interlock and elevator extension, used in the performance of contracts for construction jobs for State highway department are not subject to sales and use taxes, even though the materials sought to be taxed do not become a part of the highway (CL 1948, § 205.51 *et seq.;* § 205.91 *et seq.*).

8. COSTS—PUBLIC QUESTION—DECLARATION OF RIGHTS—SALES AND USE TAXES—CONTRACTS WITH STATE.

    No costs are allowed in suit for declaration of rights as to liability of taxpayer for sales and use taxes on materials used in performance of contracts for construction of highway jobs for the State highway department but which never became a structural part of the real estate, a public question being involved (CL 1948, § 205.51 *et seq.;* § 205.91 *et seq.*).

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 14, 1953. (Docket No. 12, Calendar No. 45,727.) Decided December 29, 1953.

Bill by Louis A. Garavaglia, Jr., and others, doing business as Louis Garavaglia, against Michigan Department of Revenue for declaration of rights relative to sales and use tax on certain items used in their business. Decree for plaintiffs. Defendant appeals. Affirmed.

*Ballard, Jennings, Fraser & Parsons,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook*

and *William D. Dexter,* Assistants Attorney General, for defendant.

BUSHNELL, J.   Plaintiffs, doing business as Louis Garavaglia, are contractors engaged in improving, repairing and altering real estate for others.   They specialize in the building of roads, bridges and grade separations.

In fulfillment of their contracts with the State highway department, plaintiffs used plywood and other lumber to build forms in which concrete was poured.   After these forms had been stripped, wet burlap was used to drape over the concrete so that the structure would remain moist for a longer period of time and thereby produce a more stabile and uniform setting.   Marsh hay was used to cover portions of the concrete construction in order to protect it from freezing and avoid crumbling and deterioration.   After their use these materials had little or no salvage value, and none became a structural part of the real estate.

Believing that the purchases of these materials were subject to sales* and use† tax, defendant Michigan department of revenue, after an audit of Garavaglia's records, made an assessment as follows:

Sales taxes, including interest and penalties in the amount of $835.72 covering the period from July 1, 1946 to December 31, 1949, and use tax, including interest and penalties, in the amount of $186.18 for the period beginning July 1, 1947 and ending December 31, 1949.

The amount of such taxes was based upon the price plaintiffs paid for form lumber, nails, masonite, coke, grease, plywood, sinkers, burlap, hay, asbestos and rubber belts, a 2-compartment aggregate bin, an ag-

---

* See CL 1948, § 205.51 *et seq.* (Stat Ann 1950 Rev and Stat Ann 1951 Cum Supp § 7.521 *et seq.*).—REPORTER.

† See CL 1948, § 205.91 *et seq.* (Stat Ann 1950 Rev and Stat Ann 1951 Cum Supp § 7.555(1) *et seq.*).—REPORTER.

gregate scale, Michigan Interlock and No 7 elevator extension.

Garavaglia filed a bill for a declaratory judgment in the circuit court for the county of Ingham, seeking determination of liability. The trial court concluded that the transactions were exempt from both sales and use taxes because the property was used in industrial processing.

In the decree from which defendant appeals the assessments were declared void and of no effect.

The questions of jurisdiction and venue that are raised by defendant must first be resolved. It is argued that the Ingham circuit court was without jurisdiction because plaintiffs do not reside in that county. It is sufficient to say that, prior to the institution of the suit, the parties, in conference, agreed that, for the convenience of both the department and the taxpayer, the suit should be instituted in Ingham county and that neither party would raise any question as to the jurisdiction of the court. Defendant further argues that declaratory proceedings are improper. A short answer to that question is that this procedure was used and approved in the following cases: *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich 143 (139 ALR 368); *Metzen* v. *State Board of Tax Administration,* 301 Mich 532; *Michigan Allied Dairy Ass'n* v. *State Board of Tax Administration,* 302 Mich 643; *R. C. Mahon Company* v. *Department of Revenue,* 306 Mich 660, and others. The more important question is whether the taxpayer is liable.

In *Michigan Allied Dairy Case* we quoted from *In re Dodge Brothers,* 241 Mich 665, 669, as follows:

" 'Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can only act within express authority conferred by law. Tax collectors must be able to point to such express authority so that it may be read when it is questioned

in court. The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer.' "

In the *Acorn Case* we said that "liability for payment of the sales tax is controlled by statute. It cannot be imposed by. rulings or regulations of the board," and we quoted the syllabus in *J. B. Simpson, Inc.,* v. *O'Hara,* 277 Mich 55.

We might arrive at our determination by tracing our way through the authorities discussed in the respective briefs, but that seems unnecessary because the crux of the controlling question was. decided in the *Mahon Case,* where we said:

"But this appeal presents the further question as to plaintiff's liability for payment of the sales tax on materials used 'in the performance of contracts with the Federal government, State government, or its subdivisions, agencies or instrumentalities thereof, hospitals, houses for the care or maintenance of children or aged persons not operated for profit, and regularly organized churches or houses of religious worship.' The answer to this question is clearly covered by PA 1933, No 167, § 4, subd (b), § 4a, as amended by PA 1939, No 313 (CLS 1940, § 3663–4, subd (b), § 3663–4a, Stat Ann 1942 Cum Supp § 7.524, subd (b), § 7.525)."

For the wording of this statute, see CLS 1952, §§ 205.51, 205.54 (Stat Ann 1950 Rev §§ 7.521, 7.524). For the language of the exemptions under the use tax act, see CLS 1952, § 205.94 (Stat Ann 1951 Cum Supp § 7.555 [4]).

The answer here must be the same that was given there.

The department, however, argues that because the materials were used and consumed by the taxpayer without being incorporated into the several highway

projects, they are not exempt under the Michigan sales and use tax statutes.

It clearly appears from the language of section 4 of the general sales tax act that the legislature intended that the department of revenue could not impose a direct or indirect sales or use tax upon another entity of the State of Michigan. Section 4 reads in part:

"No person subject to a tax under this act need include in the amount of his gross proceeds used for the computation of the tax any proceeds of his business derived from sales to the United States, its unincorporated agencies and instrumentalities, any incorporated agency or instrumentality of the United States wholly owned by the United States or by a corporation wholly owned by the United States, the American Red Cross and its chapters and branches, and the State of Michigan or its departments and institutions or any of its political subdivisions. (As amended by PA 1949, No 272, Imd Eff June 7)." (CLS 1952, § 205.54, Stat Ann 1950 Rev § 7.524.)

To hold that because of the industrial processing amendments of 1939 and 1941, as amended (See CLS 1952, § 205.54a, subd [g], Stat Ann 1951 Cum Supp § 7.525, subd [g]), materials used in construction jobs for the State highway department should be taxed, would merely be imposing an indirect tax upon the State itself, in that such a tax would necessarily become a part of the cost of the job.

Notwithstanding the reason advanced by the trial judge for his conclusion of no tax liability, we hold that materials used and consumed in construction work for the State, such as those described in the instant case, are not subject to either a sales or use tax.

The decree is affirmed. A public question being involved, no costs will be allowed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and REID, JJ., concurred with BUSHNELL, J.

BOYLES, J., concurred in the result.