OMNE FINANCIAL, INC v SHACKS, INC

Docket No. 111232. Argued March 10, 1999 (Calendar No. 15). Decided July 7, 1999.

Omne Financial, Inc., brought an action in the Oakland Circuit Court against Shacks, Inc., and others, seeking damages and the return of certain equipment, alleging breach of a lease agreement and failure to make required payments under the lease. The defendants sought a change of venue to Saginaw County, which the trial court, Richard D. Kuhn, J., denied. The Court of Appeals, NEFF, P.J., and WAHLS, J. (TAYLOR, J., dissenting), reversed, concluding that a contractual agreement that seeks to establish the venue of potential causes of action that might accrue after the execution of the agreement is not enforceable. 226 Mich App 397 (1997) (Docket No. 190550).

In separate opinions, the Supreme Court affirmed the judgment of the Court of Appeals.

Justice KELLY, joined by Justices BRICKLEY and CAVANAGH, stated that contractual provisions establishing venue for potential causes of action that may arise after a contract is executed are unenforceable.

Venue is controlled by statute in Michigan. It is unnecessary to look beyond the language of the statutes to address whether parties may contractually agree to venue. Because the Legislature declined to provide that parties may contractually agree to venue in advance, speculation regarding legislative intent beyond the plain words expressed in the statute is unnecessary.

Justice CORRIGAN, joined by Chief Justice WEAVER and Justice YOUNG, stated that MCL 600.1651; MSA 27A.1651 precludes enforcement of a venue selection clause where the plaintiff has brought the action in an improper venue and the defendant timely moves for a change of venue in accordance with the court rules. Whether the general venue statutes and the court rules preclude Michigan courts from enforcing venue selection clauses under circumstances that do not fall within the scope of MCL 600.1651; MSA 27A.1651 should be left for another day.

Under MCL 600.1621(a); MSA 27A.1621(a) and MCL 600.1605(d); MSA 27A.1605(d), the proper venue is Saginaw County because

that is the county in which the tangible personal property is situated, the defendant resides, and the defendant has his place of business. Because the plaintiff, nevertheless, brought this action in Oakland County, the venue the parties selected in their contract, and the defendant timely moved for change of venue under MCR 2.223(A), under MCL 600.1651; MSA 27A.1651 the trial court should have granted the motion.

Affirmed.

Justice TAYLOR took no part in the decision of this case.

*Enid Livingston* and *John D. Alli* for the plaintiff-appellant.

*Henry G. Marsh* for defendants-appellees.

KELLY, J. We granted leave in this case to determine the enforceability of contract provisions establishing venue for causes of action that could arise after the contract is executed. Affirming the Court of Appeals, we conclude that such provisions are unenforceable.

I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Shacks, Inc., a Saginaw bar owner, leased two pool tables and two jukeboxes from plaintiff's assignor, North American Interstate, Inc. Although the equipment was leased through defendant corporation, defendant Shacks personally guaranteed the rental payments. The lease agreement contained the following provision dictating venue for any future causes of action:

This lease shall not be effective until signed by the Lessor at our offices. This lease shall be construed to have been executed in the State of Michigan and shall be interpreted in accordance with the law and regulations of the State of Michigan. Lessee hereby agrees to jurisdiction in Michigan in the case of any action, suit or proceeding arising out of this lease and *venue shall be in the district court for the*

*45A Judicial District (if the damages involved are in excess of $10,000 then the circuit court for the county of Oakland).* Lessee hereby acknowledges that Lessee has transacted business in the State of Michigan by entering into the lease and that the jurisdiction, choice of law and *venue* provisions of this lease are specifically negotiated terms of this lease. [Emphasis added.]

In August 1995, plaintiff filed a claim for damages and return of the equipment in Oakland County, alleging breach of the lease agreement and failure to make the required payments. Defendants filed a motion for change of venue to Saginaw County, alleging that venue in Oakland County was improper. The trial court denied the motion without explanation.

The Court of Appeals reversed and concluded "a contractual agreement that seeks to establish the venue of potential causes of action that might accrue after the execution of the agreement is [not] enforceable." 226 Mich App 397, 399; 573 NW2d 641 (1997). Recognizing that venue is controlled by statute, the majority on the panel noted that "[t]here is no statutory provision that specifically permits parties to agree contractually" to venue. *Id.*, 401. It declined to create a rule that permits parties to contractually agree to venue because: (1) "it would be improper to create such a rule on [its] own accord,"[1] (2) permitting parties to avoid statutorily mandated rules regarding venue would undermine the authority of the Legislature, and (3) enforcement of contract agree-

---

[1] The Court of Appeals also emphasized that the Legislature has specifically established rules permitting parties to contractually consent to personal jurisdiction. *Id.*, 405, citing MCL 600.701(3); MSA 27A.701(3), MCL 600.711(2); MSA 27A.711(2), MCL 600.745; MSA 27A.745.

ments regarding venue would conflict with MCR 2.223(A)(2). *Id.*, 405-407.

The majority also criticized the dissent for failing to recognize that the Legislature has the power to establish venue. It explained that "the right of freedom of contract does not compel the recognition of a private right to fix venue any more than it compels recognition of a private right to establish subject-matter jurisdiction." *Id.*, 407.

The majority conceded that the few cases[2] touching on this issue suggested that parties may agree to venue when "there is an *existing* cause of action." However, it explained that its decision could be harmonized with these cases because: (1) they were decided before passage of the Revised Judicature Act, (2) they failed to address whether the venue agreements were proper under existing venue statutes, (3) they failed to address the tension between the parties' right to contract and the power of the Legislature to establish venue, and (4) they failed to expressly hold that such provisions were enforceable. *Id.*, 401-402, 407-408. Therefore, the Court concluded that "contractual venue provisions are not binding on Michigan courts." *Id.*, 407.[3]

The dissenting judge would have held that "the trial court acted within its authority when it found that venue was proper in Oakland County on the basis of

---

[2] *Id.*, 401-402, citing *Garavaglia v Dep't of Revenue*, 338 Mich 467, 470; 61 NW2d 612 (1953), *Grand Trunk W R Co v Boyd*, 321 Mich 693, 699-700; 33 NW2d 120 (1948), rev'd on other grounds 338 US 263; 70 S Ct 26; 94 L Ed 55 (1949), and *Nat'l Equipment Rental v Miller*, 73 Mich App 421, 425; 251 NW2d 611 (1977).

[3] However, the majority suggested that an agreement could be considered as a relevant factor regarding proper venue under the venue statutes. *Id.*, 410.

the parties' freely negotiated agreement." *Id.*, 416-417. He opined that neither the court rules nor venue statutes precluded courts from effectuating the intent of parties as expressed in contracts regarding choice of venue. *Id.*, 410. Given that the Legislature failed expressly to prohibit parties from contractually agreeing to venue, he asserted that no such prohibition should be imposed. *Id.*, 411-412.

Likewise, the dissenting judge stated that choice of venue agreements would not abrogate judicial authority under the court rules. Instead, they would advance their "primary goal" of minimizing costs of litigation by reducing the burdens on parties and the strains on the judicial system as a whole. *Id.*, 412. He asserted that there was "no principled excuse for distinguishing" between choice of venue agreements executed before and after a cause of action arose.[4] *Id.*, 415. He concluded that choice of venue provisions should be enforced, unless such agreements were unreasonable, fraudulent, overreaching, or contrary to public policy. *Id.*, 410-411.

II. ANALYSIS

A. STATUTORY VENUE PROVISIONS

As explained by the Court of Appeals majority, venue is controlled by statute in Michigan. The statute regarding appropriate venue for contract claims provides:

---

[4] As a result, he found persuasive *Garavaglia*, n 2 *supra* at 470, *Grand Trunk*, n 2 *supra* at 699-700, and *Nat'l Equipment Rental*, n 2 *supra* at 426. *Id.*, 415-416.

Except for actions provided for in sections 1605, 1611, 1615, and 1629, venue is determined as follows:

(a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a[5] proper county in which to commence and try an action.

(b) If none of the defendants meet 1 or more of the criteria in subdivision (a), the county in which a plaintiff resides or has a place of business, or in which the registered office of a plaintiff corporation is located, is a proper county in which to commence and try an action.

(c) An action against a fiduciary appointed by court order shall be commenced in the county in which the fiduciary was appointed. [MCL 600.1621; MSA 27A.1621.]

Likewise, the statute regarding appropriate venue for recovery of tangible personal property claims provides:

The county in which the subject of action, or any part thereof, is situated, is a proper county in which to commence and try the following actions:

(a) the recovery of real property, or of an estate or interests therein, or for the determination in any form of such right or interest;

(b) the partition of real property;

---

[5] The Legislature's use of the indefinite article "a" rather than the definite article "the" could be construed to permit contractual agreements regarding the trial of an action in another venue. However, the usage can best be explained by reference to cases involving multiple defendants who reside in different counties. In such cases it would have been grammatically nonsensical for the Legislature to provide, "*the* county in which *a* defendant resides . . . is *the* proper county in which to commence and try an action." Litigants and courts in such cases would be left pondering which county is "the" proper county. Therefore, use of the article "a" merely provides a means of addressing cases involving multiple defendants who reside in different counties. Consequently, the Legislature's use of the article "a" does not suggest that other contractually agreed upon counties are also "a proper county."

(c) the foreclosure of all liens or mortgages on real property; and

(d) *the recovery of tangible personal property.* [MCL 600.1605; MSA 27A.1605 (emphasis added).][6]

Statutory interpretation is a question of law, subject to de novo review. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). Its primary purpose is to ascertain and effectuate legislative intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Courts may not speculate regarding legislative intent beyond the words expressed in a statute. *Lansing v Lansing Twp*, 356 Mich 641, 649; 97 NW2d 804 (1959); *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). Hence, nothing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself. *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998); 73 Am Jur 2d, Statutes, § 198, pp 394-395.

We believe it is unnecessary to look beyond the language of the statutes to address the question whether parties may contractually agree to venue.[7] Since the

---

[6] The concurrence criticizes our "reliance on the general venue provisions." It then does the very same, concluding:

> Under the venue statutes *applicable to this case,* the proper venue is Saginaw County because that is the county in which the tangible personal property is situated, defendant resides, and defendant has his place of business. MCL 600.1621(a); MSA 27A.1621(a), MCL 600.1605(d); MSA 27A.1605(d). [*Post* at 319 (emphasis added).]

The concurrence does not address the effect of statutory venue provisions on the enforceability of the contract provision presented in this case, although it recognizes their applicability.

[7] See 226 Mich App 402.

Legislature declined to provide that parties may contractually agree to venue in advance, we decline to read into the statute a provision requiring enforcement of such agreements. *Ramsey, supra* at 314. Otherwise stated, we need not, and consequently will not, speculate regarding legislative intent beyond the plain words expressed in the statute. *Schnell, supra* at 310.

Although it is unnecessary to look beyond the language of the statutory venue provisions, we note that examination of the personal jurisdiction statutes supports our conclusion. Statutes in pari materia are statutes sharing a common purpose or relating to the same subject. They are construed together as one law, regardless of whether they contain any reference to one another. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998). Such construction should effectuate each statute without repugnancy, absurdity, or unreasonableness. *People v Harrison*, 194 Mich 363, 370-371; 160 NW 623 (1916).

Given that statutes that treat venue and personal jurisdiction share the common purpose of determining a particular forum, we conclude that they are in pari materia. Unlike the statutory provisions regarding venue, personal jurisdiction statutes expressly permit individuals[8] and corporations[9] to consent to personal jurisdiction. In addition, MCL 600.745(2); MSA 27A.745(2) expressly permits parties to contractually agree, in advance, to personal jurisdiction:

> If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court

---

[8] MCL 600.701(3); MSA 27A.701(3).

[9] MCL 600.711(2); MSA 27A.711(2).

of this state shall entertain the action if all the following
occur:

(a) The court has power under the law of this state to
entertain the action.

(b) This state is a reasonably convenient place for the
trial of the action.

(c) The agreement as to the place of the action is not
obtained by misrepresentation, duress, the abuse of eco-
nomic power, or other unconscionable means.

(d) The defendant is served with process as provided by
court rules.

Had the Legislature intended to enforce contractual
agreements regarding venue, it would have included
such a provision in the statutory venue provisions.
Because the Legislature wrote such a provision into
the personal jurisdiction statute, we will not assume
that it intended to validate contractual venue agree-
ments in the venue statutes. Therefore, we conclude
that enforcement of contractual provisions establish-
ing venue for causes of action that may arise after the
contract is executed would contradict the manifest
intent of the Legislature.

B. MCR 2.223(A)(2)

We also conclude that enforcement of contractual
provisions establishing venue for potential causes of
action that may arise after the contract is executed
conflict with our court rules. Under MCR 2.223(A)(1),
a trial court is required to order a change of venue on
timely motion of a defendant, if an action was
brought where venue was improper. An objection to
venue is waived if a party fails to raise it in a timely

manner. MCR 2.221(C).[10] Finally, under MCR 2.223(A)(2):

> If the venue of a civil action is improper, the court . . . may order a change of venue on its own initiative with notice to the parties and opportunity for them to be heard on the venue question.

Trial courts' authority to order a change of venue on their own initiative would be abrogated if courts were required to enforce contractual provisions establishing venue. Therefore, we agree with the Court of Appeals that enforcement of such agreements would conflict with the express language of MCR 2.223(A)(2).

Although this Court has acknowledged that a goal of venue rules relates to "the convenience of litigants,"[11] its

---

[10] As explained by the Court of Appeals majority, this court rule is consistent with its corresponding statute, MCL 600.1651; MSA 27A.1651, which provides:

> An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court shall transfer the action to a proper county on such conditions relative to expense and costs as provided by court rule and section 1653. The court for the county to which the transfer is made shall have full jurisdiction of the action as though the action had been originally commenced therein.

Like MCR 2.223(A)(1), § 1651 similarly mandates that the trial court order a change of venue on timely motion of a defendant when an action was filed in an improper venue. *Id.* Although the concurrence recognizes that § 1651 and these court rules address whether venue may be waived, it fails to address the issue presented by the parties: whether contract provisions establishing venue for causes of action that may arise after the contract is executed are enforceable.

[11] *Grand Trunk,* n 2 *supra* at 700.

primary goal is to minimize the costs of litigation not only by reducing the burdens on the parties, but also by considering the strains on the judicial system as a whole. [*Gross v General Motors Corp*, 448 Mich 147, 155; 528 NW2d 707 (1995).]

We conclude that such agreements would have a dramatic and negative effect on the judicial system as a whole by overburdening individual jurisdictions favored by the drafters of such agreements.[12] As a result, we conclude that such agreements fail to further the primary goal of minimizing strains on the judicial system as a whole.

### C. MICHIGAN PRECEDENT

Like the Court of Appeals, we acknowledge that the "few cases that touch on this issue at all suggest that, where there is an *existing* cause of action, parties may agree to venue." 226 Mich App 401-402 (citations omitted). Addressing issues of venue and jurisdiction in *Garavaglia*, this Court explained:

[P]rior to the institution of the suit, the parties, in conference, agreed that, for the convenience of both the department and the taxpayer, the suit should be instituted in Ingham county and that neither party would raise any question as to the jurisdiction of the court. [*Garavaglia v Dep't of Revenue*, 338 Mich 467, 470; 61 NW2d 612 (1953).][13]

---

[12] This conclusion is consistent with the legislative history of MCL 600.1621; MSA 27A.1621, which provides:

The 1986 reforms also addressed the issue of venue—the proper place to file a lawsuit—with the stated aim of preventing "forum shopping," or the search for the most advantageous locale to bring an action. [House Legislative Analysis, HB 4508, April 27, 1995.]

[13] *Garavaglia* also provided no analysis regarding the propriety of venue selection clauses. Rather, it addressed a separate contract that both

Likewise, in *Grand Trunk*, the plaintiff signed an agreement in exchange for $50 *after* he suffered his injury. The agreement provided:

> "If my said claim cannot be settled to my satisfaction and should I wish to start suit against said Grand Trunk Western Railroad Company to recover damages for my said injuries, that any such suit shall be commenced within the county or district where I resided at the time my injuries were sustained or in the county or district where my injuries were sustained and not elsewhere." [*Grand Trunk W R Co v Boyd*, 321 Mich 693, 695; 33 NW2d 120 (1948).]

Emphasizing that parties are entitled to waive venue, this Court held the agreement binding and enforceable. *Id.*, 700.[14]

Consistent with the analysis of the Court of Appeals, we agree that these cases are distinguishable because they were decided before the Revised Judicature Act. They failed to address whether the venue agreements were proper under existing venue statutes, and failed to expressly hold that such provisions were enforceable. 226 Mich App 401-402, 407-408. In addition, each of the cases involved a contractual agreement executed after the cause of action arose. *Id.*, 401. Each addressed an existing action and, there-

---

parties agreed upon for their mutual convenience that waived venue in anticipation of immediate litigation. *Garavaglia* failed to cite any statute, court rule, or case law to support its conclusion. It merely estopped defendant from asserting improper venue. Unlike *Garavaglia*, this case presents no reason for believing that the parties "negotiated" the venue selection provision.

[14] Relying on *Garavaglia* and *Grand Trunk*, the Court of Appeals concluded that "agreements that limit to specified courts the venue of *existing* causes of action arising under contracts so negotiated between parties" are valid in *Nat'l Equipment Rental*, n 2 *supra* at 425 (emphasis added). Therefore, the venue agreements that Michigan courts have enforced do not include the agreement in this case.

fore, merely constituted a waiver regarding choice of venue. Therefore, the cases are distinguishable and fail to support the conclusion that the contractual provision under consideration is enforceable.

### III. CONCLUSION

We conclude that enforcement of contractual provisions establishing venue for causes of action that may arise after the contract is executed conflict with existing court rules and statutory venue provisions. In addition, existing Michigan precedent acknowledging the enforceability of venue agreements is distinguishable because it addresses only agreements related to causes of action in existence when the contract was made. Thus, we conclude that contractual provisions establishing venue for potential causes of action that may arise *after* the contract is executed are unenforceable. We affirm the Court of Appeals.

BRICKLEY and CAVANAGH, JJ., concurred with KELLY, J.

CORRIGAN, J. I concur in the result of the lead opinion, but write separately because I disagree with its reasoning and the breadth of its holding. Rather than relying on the general venue statutes, I would hold that the statute addressing transfer motions in actions brought in an improper venue, MCL 600.1651; MSA 27A.1651, precludes enforcement of a venue selection clause where, as in this case, the defendant timely moves for a change of venue in accordance with the court rules. I would leave for another day the question whether the general venue statutes and the court rules preclude Michigan courts from enforcing venue selection clauses under circumstances that do not fall within the scope of MCL 600.1651; MSA 27A.1651.

I agree with the determination of the lead opinion that our decision turns on a question of statutory construction. This Court has long recognized that the establishment of venue lies within the Legislature's power. See *Coleman v Gurwin*, 443 Mich 59, 62; 503 NW2d 435 (1993); *Barnard v Hinkley*, 10 Mich 458, 459 (1862). I disagree, however, with the lead opinion's reliance on the general venue provisions because the Legislature has specifically addressed whether the trial court must grant a timely motion for change of venue where the plaintiff has brought the action in an improper venue.

The statute, MCL 600.1651; MSA 27A.1651, provides:

> An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court shall transfer the action to a proper county on such conditions relative to expense and costs as provided by court rule and [MCL 600.1653; MSA 27A.1653]. The court for the county to which the transfer is made shall have full jurisdiction of the action as though the action had been originally commenced therein.

If the language of a statute is clear and unambiguous, judicial construction is not permitted and we enforce the statute as written. *Rickner v Frederick*, 459 Mich 371, 378; 590 NW2d 288 (1999); *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 217; 580 NW2d 424 (1998). The Legislature's use of the word "shall" rather than "may" in MCL 600.1651; MSA 27A.1651 indicates a mandatory, rather than discretionary, action. *People v Grant*, 445 Mich 535, 542; 520 NW2d 123 (1994). The statute contains no exception for venue in actions founded on a contract that includes

a venue selection clause. Therefore, under the plain language of the statute, the trial court must transfer an action brought in an improper venue on the defendant's timely motion, regardless of whether the defendant had contractually agreed to the venue.

Under the venue statutes applicable to this case, the proper venue is Saginaw County because that is the county in which the tangible personal property is situated, defendant resides, and defendant has his place of business. MCL 600.1621(a); MSA 27A.1621(a), MCL 600.1605(d); MSA 27A.1605(d). Plaintiff nevertheless brought this action in Oakland County, the venue the parties selected in their contract. Defendant then timely moved for change of venue to Saginaw County under MCR 2.223(A).[1] Under these circumstances, MCL 600.1651; MSA 27A.1651 mandates that the trial court grant the motion. Accordingly, the trial court erred in denying defendant's motion to change venue in this case.

WEAVER, C.J., and YOUNG, J., concurred with CORRIGAN, J.

TAYLOR, J., took no part in the decision of this case.

---

[1] MCR 2.223(A) provides:

If the venue of a civil action is improper, the court

(1) shall order a change of venue on timely motion of a defendant, or

(2) may order a change of venue on its own initiative with notice to the parties and opportunity for them to be heard on the venue question.

If venue is changed because the action was brought where venue was not proper, the action may be transferred only to a county in which venue would have been proper.