Young, J.
(dissenting). I dissent from the majority’s conclusion that the 10-year minimum sentence, imposed by the sentencing court pursuant to the repeat *74 criminal sexual conduct (CSC) offender mandatory minimum sentence requirement,[1] represents a departure from the legislative sentencing guidelines.[2] Instead, I would affirm the judgment of the Court of Appeals. The sentence imposed here is excepted from the statutory guidelines and thus the sentencing court is not required to state “substantial and compelling reasons” for the minimum sentence imposed, as the majority now requires.
Defendant was convicted of first-degree CSC for digitally penetrating the vagina of his daughter. Because he previously was convicted of second-degree CSC, he was sentenced as a repeat CSC offender to a minimum of 10 years in prison.[3] On appeal, defendant argued that his 10-year minimum sentence represented an upward departure from the legislative sentencing guidelines and that the sentencing court failed to articulate substantial and compelling reasons to justify the upward departure.[4] The prosecution claimed that defendant’s minimum sentence did not constitute a departure because it complied with the repeat CSC offender mandatory minimum sentence requirement, and the Court of Appeals agreed.
MCL 769.34(2) (a) places mandatory minimum sentences within the framework of the legislative sentencing guidelines and provides, in relevant part:
If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accor *75 dance with that statute. Imposing a mandatory minimum sentence is not a departure under this section.[5]
Thus, the statutory guidelines defer to another statute that specifies a mandatory minimum sentence. “That statute” in this case is MCL 750.520f(l). It creates just such a mandatory minimum sentence for recidivist sex offenders:
If a person is convicted of a second or subsequent offense under [MCL 750.520b, 750.520c, or 750.520d], the sentence imposed under those sections for the second or subsequent offense shall provide for a mandatory minimum sentence of at least 5 years.[6]
Here, defendant’s 10-year minimum sentence was “in accordance with” the mandatory minimum sentence of “at least 5 years.” Moreover, as the sentencing court imposed “a mandatory minimum sentence” — a sentence of “at least 5 years” — that sentence was not a departure from the guidelines and the court was not required to justify the minimum sentence imposed. Therefore, the sentence imposed by the sentencing court satisfies both MCL 769.34(2) (a) and MCL 750.520f(l), as applied here in conformance with their clear and unambiguous meanings. Yet the majority disagrees; the question is why?
I. THE MAJORITY FAILS TO CONSTRUE THE STATUTE IN ACCORDANCE WITH ITS PLAIN LANGUAGE
The majority claims that the mandatory minimum sentence articulated in MCL 750.520f(l) is “5 years,” not “at least 5 years,” as the statute plainly reads. Such a conclusion is obviously wholly inconsistent with the plain meaning of MCL 750.520f(l), as evidenced by its *76 grammatical structure, which describes the mandatory minimum sentence required under that provision as “at least 5 years.” The Legislature could have created an absolute “mandatory minimum” sentence of 5 years, but it did not.[7] Instead, by using the phrase “at least” to modify “5 years,” the Legislature created an indeterminate “mandatory minimum” sentence for recidivist sex offenders. Under the mandatory minimum sentence, 5 years is the starting point of the minimum sentence, not its upper terminus. Accordingly, a sentencing court must impose a sentence within the indeterminate mandatory minimum sentence of MCL 750.520f(l)— namely, any minimum sentence of 5 years or more — and that sentence “is not a departure”[8] from the legislative sentencing guidelines.
The majority’s misinterpretation will not be limited to the statute now before us. In numerous statutes, some covering our most serious crimes, the Legislature has chosen to create an indeterminate, rather than an absolute, mandatory minimum sentence.[9] Under to *77 day’s decision, the majority reads out of our law books the indeterminate nature of these mandatory minimum sentences and replaces those sentences with absolute minimum terms that the Legislature did not enact.
*78 The majority apparently eschews the clear language of MCL 750.520f(l) because it concludes that the 10-year minimum sentence imposed here would be “contrary to a central purpose of the sentencing guidelines — greater uniformity in sentencing.”[10] This rationale will not scour when one considers that the obligation of the judiciary is to apply legislative policies according to the unambiguous words used by the Legislature in the statutes enacted, not according to abstract policy considerations only judges can divine.* [11] Whatever the broader policy of the legislative sentencing guidelines, the Legislature directed that a minimum sentence of “at least 5 years” satisfies the particular statute at issue here, MCL 750.520f(l), and that is the policy we must apply.[12]
*79 II. THE MAJORITY’S MISCONSTRUCTION CREATES AN INCONSISTENCY
Despite the obvious and clear language of MCL 750.520f(l), the majority has inexplicably created its own alternative statute. The majority has similarly deviated from the obvious and clear language of MCL 769.34(2)(a) and created a new, but unexplained, statutory scheme for mandatory minimum sentences.
The majority determines that an absolute term of 5 years is the “mandatory minimum” for a recidivist sex offender under MCL 750.520f(l). However, the majority also claims that a sentencing court departs from the guidelines when it sentences a defendant to a 5-year minimum term if the lower limit of the defendant’s guidelines range is calculated at more than 5 years.[13] This is entirely contrary to MCL 769.34(2)(a), which expressly states that “[i]mposing a mandatory minimum sentence is not a departure under this section.”[14] Now the majority compels the sentencing court to justify as a departure a minimum sentence that is excepted from the statutory sentencing guidelines in the first instance.
*80 The problem with the majority’s analysis is this: MCL 769.34(2) (a) specifically provides that the guidelines are not controlling here; rather, the guidelines defer to another statute that includes a mandatory minimum sentence. Yet the majority insists on reverting to the guidelines despite the Legislature’s clear directive to the contrary and declines to provide any statutory support for this decision.[15]
Imposing a 10-year minimum sentence for a recidivist sex offender is not a departure from the legislative sentencing guidelines because it is a “mandatory minimum sentence”[16] of “at least 5 years” as provided in MCL 750.520f(l). Accordingly, I dissent and would instead affirm the judgment of the Court of Appeals.
Corrigan, J., concurred with Young, J.

 MCL 750.520f(l).

 MCL 777.1 et seq.

 Defendant’s maximum sentence of 40 years is not at issue in this case.

 See People v Smith, 482 Mich 292; 754 NW2d 284 (2008). Defendant’s minimum sentence guidelines range was calculated at 27 to 56 months.

 Emphasis added.

 NICL 750.520f(l) (emphasis added).

 For example, MCL 750.227b(l) sets an absolute mandatory term of 2 years’ imprisonment for a first offense of possessing a firearm during the commission of a felony. Various statutes similarly provide an absolute mandatory term of life imprisonment: MCL 333.7413(1) (subsequent violations of certain serious controlled substance offenses); MCL 750.316(1) (first-degree murder); MCL 750.543f(2) (terrorism causing death); MCL 750.544 (treason).

 MCL 769.34(2)(a).

 See, e.g., MCL 333.7410(2) (providing a sentence of “not less than 2 years or more than 3 times that authorized by [MCL 333.7401(2)(a)(iu)]” for delivery of a controlled substance within 1,000 feet of a school or library); MCL 333.7410(3) (providing a sentence of “not less than 2 years or more than twice that authorized by [MCL 333.7401(2)(a)(iu)]” for possessing with intent to deliver a controlled substance within 1,000 feet of a school or library); MCL 333.7413(3) (providing a sentence of “not less than 5 years nor more than twice that authorized under [MCL 333.7410(2)] or (3)” for a subsequent offense of delivering or possessing with intent to deliver a controlled substance within 1,000 feet of a school *77 or library); MCL 750.112 (providing a sentence of “not less than 15 years nor more than 30 years” for committing burglary with explosives); MCL 750.520b(2)(b) (providing a sentence of “life or any term of years, but not less than 25 years” for first-degree CSC committed by an individual 17 years of age or older against a victim under the age of 13); MCL 750.529 (providing a sentence of “life or for any term of years” but “not less than 2 years” for armed robbery involving “an aggravated assault or serious injury”); see also MCL 257.257(2) and (3) (providing sentences for subsequent offenses of altering or forging documents from the Secretary of State of “not less than 2 years or more than 7 years” and “not less than 5 years or more than 15 years” respectively); MCL 257.329(2) and (3) (providing sentences for subsequent offenses of possessing or selling false certificates of insurance of “not less than 2 years or more than 7 years” and “not less than 5 years or more than 15 years” respectively); MCL 257.625(7)(a)(¿)(A) and A) (providing sentences for various driving-while-intoxicated offenses of “not less than 5 days or more than 1 year” and subsequent offenses of “not less than 1 year or more than 5 years”); MCL 257.625k(7) and (9) (providing sentences of “not less than 5 years or more than 10 years” for a laboratory or manufacturer that falsely certifies an ignition interlock device); MCL 257.625m(5)(a) (providing a sentence of “not less than 1 year or more than 5 years” for a subsequent offense of driving a commercial vehicle with a bodily alcohol content of 0.04 grams or more but less than 0.08 grams per specified volume of blood, breath, or urine); MCL 257.903(2) and (3) (providing sentences of “not less than 2 years or more than 7 years” and “not less than 5 years or more than 15 years” respectively for subsequent offenses of making false certifications on an application for various licenses through the Secretary of State); MCL 333.13738(3) (providing a sentence of “not less than 5 years and not more than 20 years” for illegally disposing of toxic waste in a manner that constitutes “an extreme indifference for human life”); MCL 750.161(1) (providing a sentence of “not less than 1 year and not more than 3 years” for deserting or abandoning one’s spouse or children); MCL 750.210a(b) (providing a sentence of “not less than 2 nor more than 5 years” for possessing or selling products containing “valerium” without a license or prescription); MCL 750.361 (providing a sentence of “not less than 1 year nor more than 2 years” for stealing “journal bearings” from a railroad car); MCL 750.458 (providing a sentence of “not less than 2 years nor more than 20 years” for detaining a woman in a house of prostitution to effectuate repayment of a debt).

 Ante at 67.

 As the author of the majority opinion has stated:
The first step in statutory interpretation is to give effect to the intent of the Legislature. To do so, we examine first the specific language of the statute. If the language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we will enforce the statute as written. This Court should reject an interpretation of a statute that speculates about legislative intent and requires us to add language into the statute. [People v Carpenter, 464 Mich 223, 250; 627 NW2d 276 (2001) (Kelly, J., dissenting) (citations omitted).]
See also Omne Fin, Inc v Shacks, Inc, 460 Mich 305, 312; 596 NW2d 591 (1999) (Kelly, J.) (“[W]e need not, and consequently will not, speculate regarding legislative intent beyond the plain words expressed in the statute.”); Dorris v Detroit Osteopathic Hosp Corp, 460 Mich 26, 53; 594 NW2d 455 (1999) (Kelly, J., concurring in part and dissenting in part) (criticizing the majority for elevating the “purpose of the statute” over the “plain language of the statute”); Rogers v Detroit, 457 Mich 125, 140; 579 NW2d 840 (1998) (Kelly, J.) (“Here, the statutory meaning is clear on its face. Therefore, the role of the judiciary is not to articulate its view of ‘policy,’ but to apply the statute in accord with its plain language.”), overruled by Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000).

 If the Legislature has a general goal of promoting “uniformity in sentencing” under the sentencing guidelines statute, it is still free to create exceptions to that goal, as I believe it has clearly done here by *79 referring to another statute that provides a mandatory but indeterminate minimum sentencing range for particular crimes. If applying the plain language of the recidivist sex offender statute leads to anomalous results as contended by the majority, see ante at 71-72 & n 24, it is solely the province of the Legislature to remedy — assuming, contrary to the language it used, that the Legislature believed a sentence of at least 5 years was too high a minimum sentence for a serial sex offender.

 Ante at 71 n 25. For example, under the majority’s misconstruction of MCL 769.34(2)(a), if a defendant’s guidelines range were calculated at 7 to 10 years, a sentencing court is precluded from imposing a sentence “in accordance with” the mandatory minimum sentence provided in MCL 750.520f(l), without stating reasons for its sentencing “departure.” If, however, a defendant’s guidelines range were calculated at 2 to 4 years, the majority (correctly) asserts that a sentencing court’s imposition of a 5-year minimum sentence, pursuant to MCL 750.520f(l), is not a departure.

 Emphasis added.

 See ante at 71 n 25.

 MCL 769.34(2)(a).