# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 25, 2016

150891

EARL H. ALLARD, JR.,
        Plaintiff-Appellant,

v

CHRISTINE A. ALLARD,
        Defendant-Appellee.
_____/

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SC: 150891
COA: 308194
Wayne CC: 10-110358-DM

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM in part, VACATE in part, and REVERSE in part the December 18, 2014 judgment of the Court of Appeals. The parties' antenuptial agreement provided, among other things, that certain property acquired during the marriage was to remain the sole and separate property of each party (i.e., part of the party's separate estate), including "[a]ny property acquired in either party's individual capacity or name during the marriage[.]" Despite the antenuptial agreement, the defendant sought to invade the plaintiff's separate estate pursuant to MCL 552.23(1) and MCL 552.401. The Court of Appeals held that MCL 552.23(1) and MCL 552.401 do not "allow a party to invade the other spouse's separate estate contrary to the terms of a valid antenuptial agreement." *Allard v Allard*, 308 Mich App 536, 558 (2014). We VACATE the Court of Appeals' analysis of this issue. The parties' antenuptial agreement rendered much of the property at issue part of the plaintiff's separate estate. If the antenuptial agreement did nothing more than divide the property between the marital estate and the parties' separate estates, the trial court could exercise its discretion under MCL 552.23(1) and MCL 552.401 to invade the plaintiff's separate estate. However, the property settlement in the antenuptial agreement was to be "in full satisfaction, settlement, and discharge of any and all rights or claims of alimony, support, property division, or other rights or claims of any kind, nature, or description incident to marriage and divorce . . . , under the present or future statutes and laws of common law of the state of Michigan or any other jurisdiction (all of which are hereby waived and released)." The Court of Appeals did not address whether this statement waived the defendant's ability to seek invasion of the plaintiff's separate estate under MCL 552.23(1) and MCL 552.401. Therefore, we REMAND this case to the Court of Appeals for it to consider: (1) whether parties may waive the trial court's discretion

under MCL 552.23(1) and MCL 552.401 through an antenuptial agreement, see, e.g., *Staple v Staple*, 241 Mich App 562 (2000), but see, e.g., *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305 (1999), and (2) if so, whether the parties validly waived MCL 552.23(1) and MCL 552.401 in this case.

Moreover, the Court of Appeals erred when it held "to the extent any real property or other assets were acquired during the course of the marriage by the various [limited liability companies] created during the marriage, we find that their disposition in this divorce action is *not* governed by the antenuptial agreement." *Allard*, 308 Mich App at 563-564. A limited liability company member, such as the plaintiff, "has no interest in specific limited liability company property." MCL 450.4504(2). But, the plaintiff's membership interest is personal property. MCL 450.4504(1). It is undisputed that all the limited liability companies at issue were created by and titled in the plaintiff's name only. As a result, he has a 100% membership interest in all relevant limited liability companies. And, under the antenuptial agreement, that membership is property acquired in the plaintiff's name during the marriage, thereby making it his "sole and separate property." Accordingly, the Court of Appeals erred by concluding otherwise, and we REVERSE those parts of the Court of Appeals opinion inconsistent with this order.

Finally, we AFFIRM the Court of Appeals' conclusion that "the antenuptial agreement does not treat the income earned by the parties during the marriage as separate property." *Allard*, 308 Mich App at 564. However, we VACATE those parts of the Court of Appeals opinion addressing what income may be treated as marital income. As the Court of Appeals recognized, "[t]he trial court made no findings concerning the extent of marital income earned by the parties, and thus remand is required for further development of the record on this question." *Id.* We leave it to the trial court to fully address this issue on remand from the Court of Appeals.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 25, 2016



Clerk

t0518