CORRIGAN, C.J.
In this interlocutory appeal, we must determine the meaning of the medical malpractice expert witness qualification requirements of MCL 600.2169(l)(a). Here, plaintiffs proffered standard-of-care witness did not possess the same board certification as defendant doctor, although both had the same subspecialty certificate in their respective fields.
We hold that MCL 600.2169(l)(a) requires that the proposed expert witness must have the same board certification as the party against whom or on whose behalf the testimony is offered. Because plaintiffs ex *575 pert witness did not share the same board certification as the defendant doctor, we reverse the decision of the Court of Appeals that held to the contrary and reinstate the circuit court’s order granting defendants’ motion to strike.
I. FACTUAL background and procedural posture
Plaintiffs decedent, Dennis Halloran, was experiencing renal failure and died of cardiac arrest after being treated by defendant physician Raakesh Bhan in the emergency room at defendant Battle Creek Health Systems. Plaintiff brought a medical malpractice action, alleging that defendant physician Bhan’s negligent treatment of Halloran’s renal failure and subsequent cardiac arrest caused the death.[1] Bhan is board-certified in internal medicine by the American Board of Internal Medicine (ABIM) and also received a certificate of added qualification in critical care medicine[2] from the ABIM. The parties do not dispute that the subspecialty certification is not a “board certification” for the purpose of the statute. It is not disputed that Bhan was practicing critical care at the time of the event in question.
Plaintiff proposed Dr. Thomas Gallagher as her standard-of-care witness. Gallagher is board certified in anesthesiology by the American Board of Anesthesiology (ABA), and has received a certificate of added qualification in critical care medicine from the ABA. Gallagher is not board certified in internal medicine and has not received any training that would make him eligible for certification in internal medicine.
*576 Defendants moved to strike Dr. Gallagher on the ground that he failed to satisfy the requirements of MCL 600.2169(l)(a) because he was not board certified in internal medicine. The circuit court granted the motion to strike, finding that Gallagher was not qualified to testify as an expert witness regarding the standard of care because he and Dr. Bhan did not share the same board certification.
A split Court of Appeals reversed and remanded, holding that because the subspecialty of critical care was shared by both physicians, plaintiffs trial expert fell within the requirements of the statute.[3] This Court granted leave to appeal on March 25, 2003, limited to the issue regarding the proper interpretation of MCL 600.2169(l)(a).[4]
II. STANDARD OF REVIEW
This Court reviews de novo issues of statutory interpretation. In re MCI, 460 Mich 396, 413; 596 NW2d 164 (1999).
III. ANALYSIS
When facing issues regarding statutory interpretation, this Court must discern and give effect to the Legislature’s intent as expressed in the statutory language. DiBenedett’o v West Shore Hosp, 461 Mich 394, 402; 605 NW2d 300 (2000); Massey v Mandell, 462 Mich 375, 379-380; 614 NW2d 70 (2000). This principle was recently explained in Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 63; 642 NW2d 663 (2002):
*577 An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. People v Wager, 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute. Wickens v Oakwood Healthcare System, 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute’s language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. People v Stone, 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Omne Financial, Inc v Shacks, Inc, 460 Mich 305, 311; 596 NW2d 591 (1999).
MCL 600.2169(1) provides:
In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:
(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.
We must now determine whether MCL 600.2169(l)(a) requires that an expert witness share the same board certification as the party against whom or on whose behalf the testimony is offered. We hold that it does.[5]
*578 The Court of Appeals majority held that it is sufficient under the statute if the expert witness and the defendant doctor share only the same subspecialty, but not the same board certification. We disagree because this argument runs contrary to the plain language of the statute.[6]
This interpretation is supported by the use of the word “however” to begin the second sentence. Undefined statutory terms must be given their plain and ordinary meanings, and it is proper to consult a dictionary for definitions. Donajkowski v Alpena Power Co, 460 Mich 243, 248-249; 596 NW2d 574 (1999); Koontz v Ameritech Services, Inc, 466 Mich 304, 312; 645 NW2d 34 (2002). Random House Webster’s College Dictionary (2d ed) defines “however” as “in spite of that” and “on the other hand.” Applying this definition to the statutory language compels the conclusion that the second sentence imposes an additional requirement for expert witness testimony, not an optional one. In other words, “in spite of” the specialty requirement in the first *579 sentence, the witness must also share the same board certification as the party against whom or on whose behalf the testimony is offered.
There is no exception to the requirements of the statute and neither the Court of Appeals nor this Court has any authority to impose one. As we have invariably stated, the argument that enforcing the Legislature’s plain language will lead to unwise policy implications is for the Legislature to review and decide, not this Court.[7] See Jones v Dep’t of Corrections, 468 Mich 646, 655; 664 NW2d 717 (2003).
It is not disputed that defendant Bhan is board certified in internal medicine, but proposed expert witness Gallagher is not. MCL 600.2169(l)(a) requires that the expert witness “must be” a specialist who is board certified in the specialty in which the defendant physician is also board certified. Because the proposed witness in this case is not board certified in the same specialty as Bhan, MCL 600.2169(l)(a) prohibits him from testifying regarding the standard of care.
IV CONCLUSION
Therefore, we reverse the decision of the Court of Appeals and reinstate the circuit court’s order granting *580 defendant’s motion to strike. We remand this case to the circuit court for further proceedings consistent with this opinion.
TAYLOR, Young, and MARKMAN, JJ., concurred with Corrigan, C.J.

 Thus, this is not a case in which the administration of anesthetic is at issue.

 “Critical care medicine” is defined as “[t]he medical knowledge that is applied to the care of patients in critical care units.” Attorneys’ Dictionary of Medicine, Vol 2 (2002).

 Unpublished opinion per curiam, issued March 8, 2002 (Docket No. 224548).

 468 Mich 868 (2003). We further ordered Grossman v Brown, 468 Mich 869 (2003), to be argued and submitted with this case.

 Contrary to the dissent’s contention, we are not concluding that board certificates that are not relevant to the alleged malpractice have to match. There is simply no need to address that issue in this case because *578 it is uncontested that the defendant physician was practicing internal medicine, not anesthesiology, when he allegedly committed malpractice. Thus, the defendant physician’s internal medicine board certification is a “relevant” board certificate.

 The dissent argues that this straightforward application of the plain language of MCL 600.2169(1) renders MCL 600.2169(2) meaningless. MCL 600.2169(2), however, deals with any expert witness, while MCL 600.2169(1) deals only with expert witnesses regarding the standard of care. Expert testimony may encompass many subjects that do not involve the standard of care, such as causation. For an expert witness to be qualified to testify regarding the standard of care, however, the court must apply the requirements of MCL 600.2169(1). It would be impermissible for the trial court, when dealing with a proposed standard-of-care witness, to avoid the specific provisions of § 2169(1) and only apply the requirements of § 2169(2). See Jones v Enertel, Inc, 467 Mich 266, 270-271; 650 NW2d 334 (2002) (where a statute contains a general provision and a specific provision, the specific provision controls). Rather, when dealing with a proposed standard-of-care witness, the general provisions of § 2169(2) must he considered after a standard-of-care witness is qualified under the specific provisions of § 2169(1).

 Even if we were constitutionally empowered to consider our own public policy preferences in construing legislative mandates such as MCL 600.2169, the dissent’s contention that our reading of § 2169 leads to undesirable results is wholly unpersuasive. Consider the facts of this case: there may be an enormous difference between critical care as practiced by an internist and critical care as practiced by an anesthesiologist. Indeed, one would expect that a patient requiring a medical diagnosis during critical care would rather be treated by an internist than an anesthesiologist. Likewise, one would expect that a patient being anesthetized during critical care would rather be treated by an individual trained in anesthesiology than one trained in internal medicine. Thus, the practice of critical care may be quite different depending on the physician’s underlying specialization.