# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

134084 & (59)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

CATHERINE RUTH REEVES and
ANTHONY LYNN REEVES,
        Plaintiffs-Appellees,

v

CARSON CITY HOSPITAL and LYNN
SQUANDA, D.O.,
        Defendants-Appellants.

SC: 134084
COA: 266469
Ingham CC: 03-001557-NH

_____/

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the March 8, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

This case returns to this Court after the Court of Appeals reconsidered it in light of *Woodard v Custer*, 476 Mich 545 (2006). In this medical malpractice case, defendants argue that plaintiffs' expert is not qualified under MCL 600.2169 to testify against defendant Lynn Squanda, D.O. Squanda is board-certified in family medicine but she treated plaintiff Catherine Reeves in the emergency room for a presumed ectopic pregnancy. Plaintiffs' expert is board-certified in emergency medicine but not in family medicine.

The trial court, relying on *Halloran v Bhan*, 470 Mich 572 (2004), struck plaintiffs' expert because he was not qualified as a board-certified expert in family medicine. *Halloran* required that the proposed expert witness share the same specialty and board certification as the party against whom or on whose behalf the testimony was offered. *Id* at 579. After striking plaintiffs' expert witness, the trial court granted defendants' motion for summary disposition. The Court of Appeals affirmed on the basis of *Halloran*. *Reeves v Carson City Hosp*, unpublished opinion per curium of the Court of Appeals, issued April 6, 2006 (Docket No. 266469). In lieu of granting leave to appeal,

this Court vacated the Court of Appeals judgment and remanded the case for reconsideration in light of *Woodard*, which we decided after the Court of Appeals had issued its opinion in this case. *Woodard* addressed an issue not reached in *Halloran*– whether board certificates that are not relevant to the alleged malpractice must match. In *Halloran*, the parties did not dispute that the relevant specialty was internal medicine. Because plaintiff's expert was not board-certified in internal medicine, he was not qualified to testify under MCL 600.2169. *Woodard*, however, later held that a plaintiff's expert must match only the one most relevant specialty of the defendant physician.[1] On remand, the Court of Appeals ruled that the relevant specialty was emergency medicine, the specialty that defendant Squanda was practicing at the time of the alleged malpractice. Although plaintiffs' expert did not match defendant Squanda's board certification in family medicine, that specialty was irrelevant. Therefore, it was sufficient under *Woodard* that plaintiffs' expert was board-certified in emergency medicine.[2] *Reeves v Carson City Hosp (On Remand)*, 274 Mich App 622 (2007).

In my view, the Court of Appeals has complied with *Woodard*'s direction to identify the one most relevant specialty. I concur in the denial of leave to appeal because the Court of Appeals result is consistent with the *Woodard* decision. Defendant Squanda was practicing emergency medicine and could become board-certified in it, so under *Woodard* she was practicing the relevant specialty of emergency medicine.

Although I concur in the denial of leave to appeal, I note that other potential avenues remain available for testing an expert witness's qualifications for testifying. The Court unanimously agreed in *Woodard* that "even when a proffered expert meets the criteria contained in § 2169(1), the expert is subject to further scrutiny under § 2169(2) and (3), [MCL 600.2955], and MRE 702." A majority specifically agreed that the trial court may require that other relevant specialties match. *Id* at 580, 582 (Markman, J., concurring); *id*. at 591 (Opinion of Taylor, C.J.).

---

[1] *Woodard, supra* at 559, explained:

> That is, § 2969(1) addresses the necessary qualifications of an expert witness to testify regarding the "appropriate standard of practice or care," not regarding an inappropriate or irrelevant standard of medical practice or care. Because an expert witness is not required to testify regarding an inappropriate or irrelevant standard of medical practice or care, § 2169(1) should not be understood to require such witness to specialize in specialties and possess board certificates that are not relevant to the standard of medical practice or care about which the witness is to testify.

[2] Because the Court of Appeals had no record regarding the remaining statutory requirements, it remanded the case for further consideration.

Here, plaintiffs' expert may well match the "one most relevant specialty" of emergency medicine. Nonetheless, on the basis of *Woodard*, an argument may be advanced that an expert lacks expertise in the additional relevant specialty of family medicine. Defendants here, for example, may argue that the practice of family medicine was so integral to the care defendant Squanda provided that plaintiffs' expert must specialize in emergency medicine *and* be board-certified in family medicine. Because *Woodard* was decided after defendants filed their motion to strike, the record contains no argument under § 2169(2), § 2955, or MRE 702. Therefore, I join the order denying leave to appeal. Nevertheless, a potentially viable argument is available, even after *Woodard*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

_____
Clerk

d0129