*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DESMOND RICKS,

      Plaintiff-Appellant,

v

STATE OF MICHIGAN,

      Defendant-Appellee.

FOR PUBLICATION
October 29, 2019

No. 342710
Court of Claims
LC No. 17-000159-MZ

Before: JANSEN, P.J., and CAMERON, and TUKEL, JJ.

JANSEN, P.J. (*dissenting*).

Because I believe the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq*., does not mandate a setoff for the time Plaintiff, Desmond Ricks, spent incarcerated between October 13, 1992, and February 8, 1998, because of a parole violation, which was a consequence of a wrongful conviction, I respectfully dissent.

Ricks argues on appeal that he is entitled to compensation under WICA for the time he spent incarcerated on parole violations. The Michigan Department of Corrections (MDOC) Basic Information Sheet confirms that if Ricks had not been wrongfully convicted of second-degree murder and felony-firearm, his parole would not have been violated. Indeed, Ricks' parole was rescinded solely because Ricks incurred another sentence while on parole. More specifically, Ricks argues that the WICA does not mandate a setoff where another concurrent or consecutive sentence resulted from a wrongful conviction. I agree.

We review issues of statutory interpretation de novo. *Maples v State*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343394); slip op at 3.

> When interpreting a statute, our goal "is to ascertain and give effect to the intent of the Legislature." *Portelli v IR Constr Prods Co, Inc*, 218 Mich App 591, 606; 554 NW2d 591 (1996). Unidentified terms in a statute "must be given their plain and ordinary meanings, and it is proper to consult a dictionary for definitions." *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004). This Court must avoid interpreting a statute in a way that would make any part of it meaningless or

nugatory. *Sweatt v Dep't of Corrections*, 468 Mich 172, 183; 661 NW2d 201 (2003). [*Maples*, ___ Mich App at ___; slip op at 3-4.]

WICA waives immunity for the State and allows "[a]n individual convicted under the law of this state and subsequently imprisoned in a state correctional facility for 1 or more crimes that he or she did not commit [to] bring an action for compensation" against the state. MCL 691.1753. The purpose of WICA is "to provide compensation and other relief for individuals wrongfully imprisoned for crimes; to prescribe the powers and duties of certain state and local governmental officers and agencies; and to provide remedies." 2016 PA 343.

To bring a successful WICA claim, MCL 691.1755(1) provides that a plaintiff is required to prove by clear and convincing evidence that:

> (a) [t]he plaintiff was convicted of 1 or more crimes under the law of this state, was sentenced to a term of imprisonment in a state correctional facility for the crime or crimes, and served at least part of the sentence.

> (b) The plaintiff's judgment of conviction was reversed or vacated and either the charges were dismissed or the plaintiff was determined on retrial to be not guilty. However, the plaintiff is not entitled to compensation under this act if the plaintiff was convicted of another criminal offense arising from the same transaction and either that offense was not dismissed or the plaintiff was convicted of that offense on retrial.

> (c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all the charges or a finding of not guilty on all of the charges on retrial.

Here, fulfilling all of the requirements of MCL 691.1755(1)(a)-(c), Ricks was awarded compensation under MCL 691.1755(2), which states:

> (2) Subject to subsections (4) and (5), if a court finds that a plaintiff was wrongfully convicted and imprisoned, the court shall award compensation as follows:

> (a) Fifty thousand dollars for each year from the date the plaintiff was imprisoned until the date the plaintiff was released from prison, regardless of whether the plaintiff was released from imprisonment on parole or because the maximum sentence was served. For incarceration of less than a year in prison, this amount is prorated to 1/365 of $50,000.00 for every day the plaintiff was incarcerated in prison.

MCL 691.1755(4) and (5) place limitations on a plaintiff's compensation. MCL 691.1755(4) is pertinent here, and provides:

(4) Compensation may not be awarded under subsection (2) for any time during which the plaintiff was imprisoned under a concurrent or consecutive sentence for another conviction. [MCL 691.1755(4).]

Ricks argues that in this scenario, where he was imprisoned under a concurrent or consecutive sentence for parole violations resulting from his wrongful conviction, MCL 691.1755(4) does not conform to the purpose of WICA, or the harm that it was designed to remedy. I agree.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011). The provisions of a statute should be construed reasonably and in context. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012). The Legislature is presumed to have intended the meaning it plainly expressed, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and clear statutory language must be enforced as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). When construing a statute, courts "must look to the object of the statute in light of the harm it is designed to remedy, and strive to apply a reasonable construction that will best accomplish the Legislature's purpose." *Marquis v Hartford Accident & Indemnity*, 444 Mich 638, 644; 513 NW2d 799 (1994). In doing so, this Court may consider a variety of factors and apply principles of statutory construction, but it "should not abandon the canons of common sense." *Id*. "Statutes should be construed so as to prevent absurd results, injustice, or prejudice to the public interest." *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). Remedial statutes are to be liberally construed in favor of the persons intended to be benefited. *Empson-Laviolette v Crago*, 280 Mich App 620, 629; 760 NW2d 793 (2008).

I appreciate the majority's thorough analysis relating to MCL 691.1755(4), and understand their conclusion that a strict interpretation of MCL 691.1755(4) prevents Ricks from receiving compensation for the time he was imprisoned between October 13, 1992 and February 8, 1997. However, I believe the majority overlooks the fact that this statute is remedial in nature, and therefore should be liberally construed in favor of the wrongfully convicted, *Empson-Laviolette*, 280 Mich App at 629, and that such a stringent result in this case would not give effect to the Legislature's intent. *Mich Ed Ass'n*, 489 Mich at 217. Indeed, the purpose of WICA is to "provide compensation and other relief for individuals wrongfully imprisoned for crimes . . . and to provide remedies." 2016 PA 343.

The MDOC Basic Information Sheet indicates that Ricks' parole was revoked and his sentences for his armed robbery and assault convictions reinstated solely because he was wrongfully convicted of second-degree murder and felony-firearm while on parole. Put another way, Ricks' parole violation was entirely contingent on the wrongful convictions. In addition to the MDOC Basic Information Sheet, Cynthia Partridge, a time computation manager for the MDOC, testified via affidavit that Ricks' parole was revoked for incurring the second-degree murder and felony-firearm convictions. Specifically, Partridge averred:

I conducted a search of MDOC's electronic and paper records to determine the dates Desmond Ricks was housed in a correctional facility maintained and operated by the MDOC and for which offenses he was

incarcerated. Mr. Ricks was housed in a MDOC facility beginning on February 19, 1987 after he was convicted of Armed Robbery and Assault with Intent to Rob While Armed ("A" sentences) and sentenced to 4 to 10 years on each sentence, concurrently. Mr. Ricks was paroled on May 30, 1991, after serving a little more than 4 years on his "A" sentences. *Mr. Ricks'[s] parole was violated and he was again incarcerated beginning October 13, 1992, and ending on May 26, 2017, after he was convicted of Felony Firearm and Second-Degree Murder ("B" sentences).* From October 13, 1992, to February 8, 1997, Mr. Ricks was incarcerated for the 1987 convictions for which he was paroled in 1991 ("A" sentences). Mr. Ricks served his maximum 10-year sentence on his 1987 convictions for Armed Robbery and Assault with Intent to Rob While Armed. Mr. Ricks did not begin serving time exclusively for Felony Firearm and Second-Degree Murder until February 9, 1997.

I would conclude that because the Legislature's clearly articulated intent in enacting MCL 691.1755(4) was to compensate plaintiffs who were incarcerated because of wrongful convictions, Ricks is entitled to additional compensation under WICA for $216,438.36, where the sole reason he was serving time for a parole violation was his wrongful convictions. I believe any other result is unjust.

/s/ Kathleen Jansen