# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

CHAMPINE v DEPARTMENT OF TRANSPORTATION

Docket No. 161683. Argued on application for leave to appeal December 8, 2021. Decided July 6, 2022.

Norman Champine brought an action against the Department of Transportation in the Court of Claims alleging that defendant had breached its duty to maintain I-696. Plaintiff was driving on I-696 in Macomb County when a large piece of concrete dislodged from the road and crashed through the windshield of his car, causing serious injuries. The police notified defendant of the incident on the day it occurred, and plaintiff also sent notice to defendant of the incident. Plaintiff later mailed an amended notice to defendant along with the police report from the incident. Plaintiff timely filed a complaint in the Court of Claims. Plaintiff served defendant with a copy of the complaint, but plaintiff did not file either the notice or the amended notice in the Court of Claims. Defendant moved for summary disposition, arguing that plaintiff had failed to meet the notice requirements of MCL 691.1404 before bringing suit. MCL 691.1404 states that, as a condition to any recovery for injuries sustained because of a defective highway, the injured person must serve notice on the responsible governmental agency of the occurrence of the defect and injury, specifying the exact location and nature of the defect, the injury sustained, and known witnesses, and when the state is the responsible governmental agency, the notice shall be filed in triplicate with the clerk of the Court of Claims. The Court of Claims, COLLEEN A. O'BRIEN, J., granted summary disposition for defendant on the basis that plaintiff had failed to provide proper notice under MCL 691.1404. The court reasoned that plaintiff's separate notice to defendant was inadequate because it was not filed in the Court of Claims, the complaint itself could not serve as notice, and the complaint had not identified the exact location of the highway defect. Plaintiff appealed, and the Court of Appeals, CAMERON, P.J., and LETICA, J. (SHAPIRO, J., dissenting), affirmed in an unpublished per curiam opinion, holding that the filing of a complaint could not satisfy the statutory notice requirements. The Court of Appeals declined to address whether plaintiff also failed to adequately describe the location of the incident, even assuming plaintiff's complaint could serve as proper notice. Plaintiff sought leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on whether to grant plaintiff's application for leave to appeal or take other action. 507 Mich 935 (2021).

In an opinion by Justice BERNSTEIN, joined by Chief Justice MCCORMACK and Justices VIVIANO, CLEMENT, CAVANAGH, and WELCH, the Supreme Court, in lieu of granting leave to appeal, *held*:

Under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., state agencies have immunity from tort liability when engaged in the exercise of a governmental function, with certain exceptions—including the highway exception. Plaintiffs filing claims under the highway exception must comply with the notice requirements of MCL 691.1404. "Notice" is not defined by MCL 691.1404, so courts are permitted to consider its plain meaning as well as its placement and purpose in the statutory scheme. The plain meaning of the word "notice" in the context of the statute indicates only that the governmental agency must be made aware of the injury and the defect. The statute does not require advance notice beyond the filing of the complaint, and the Court of Appeals erred by holding otherwise. Plaintiff properly gave notice by timely filing his complaint in the Court of Claims. Nonetheless, the case had to be remanded to the Court of Appeals for that Court to address whether the complaint adequately specified the exact location and nature of the defect as required by MCL 691.1404(1).

Reversed and remanded.

Justice ZAHRA, dissenting, would have affirmed because plaintiff failed to comply with the GTLA. The GTLA expressly provides that claims against the state shall be brought in the manner provided in the revised judicature act (RJA), MCL 600.101 *et seq*. This language means that a highway-defect claim against the state must be separately authorized under the GTLA and brought in the manner provided in the RJA. The GTLA provides that the filing of a timely notice is required to file a claim under the RJA, regardless of when a plaintiff files their statutory claim. Specifically, MCL 691.1404(1) requires a plaintiff to serve notice on the governmental agency within 120 days of the injury, and MCL 691.1404(2) provides that when the defendant is the state, notice shall be filed in triplicate with the clerk of the Court of Claims. In this case, statutory notice was never properly filed. Justice ZAHRA disagreed that notice was not defined by the statute, noting that MCL 691.1404(1) defines notice by setting forth the required content of the notice, i.e., the notice must specify the exact location and nature of the defect, the injury, and the names of any known witnesses. Additionally, MCL 691.1404(2) defines notice in terms of the place and manner of filing. These statutory provisions show that in order to comply with the statute, the notice must contain particular content and be filed in a particular place in a particular manner. The state's awareness of the injury and the defect does not authorize a claim to be filed under the RJA. Because plaintiff did not file a single document under the GTLA to authorize the filing of a claim under the RJA, plaintiff's claim could not be brought under the RJA.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED July 6, 2022

## STATE OF MICHIGAN

## SUPREME COURT

NORMAN CHAMPINE,

      Plaintiff-Appellant,

v

No. 161683

DEPARTMENT OF TRANSPORTATION,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

BERNSTEIN, J.

This case concerns a negligence claim, governed by the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., brought against defendant under the highway exception to governmental immunity, MCL 691.1402(1). The specific question before us is whether plaintiff provided proper notice in accordance with MCL 691.1404(2). We hold that notice was proper but find that a question still remains regarding whether plaintiff met the statutory requirement to provide a description of the "exact location" of the highway

defect under MCL 691.1404(1). Accordingly, we reverse the judgment of the Court of Appeals and remand to that Court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

On December 17, 2017, plaintiff was driving the posted speed limit on I-696 in Macomb County when a 20-pound chunk of concrete became dislodged from the road and smashed through the windshield of his car. Plaintiff sustained serious injuries to his head and face. According to plaintiff, this was at least the fourth time in which a motorist sustained injuries caused by the poor condition of the freeway on the same stretch of road in a six-month period.

The Warren Police Department took photographs of plaintiff's car and the bloody chunk of concrete that had smashed through the windshield. The police notified defendant of the incident on the same day that it occurred, and plaintiff sent a separate notice to defendant on December 28, 2017. Defendant acknowledged receipt of the notice on December 30, 2017. The notice stated:

> Please allow this letter to serve as notification pursuant to MCL 691.1404 of a highway defect. The location of the defect is the Hoover Road bridge over I-696 West ("overpass"), approximately above the third travel lane or the travel lane itself. Our client, Norman Champine, was operating his vehicle west on I-696 at approximately 1:45 p.m. on December 17, 2017, when a piece of concrete either from the overpass or dislodged from the roadway surface, came through his windshield. Mr. Champine sustained severe injuries, including fractures to his face, jaw, and orbital bones, loss of teeth, severe contusions to his face and right eye, and lacerations. We are unaware of any eye witnesses, but believe the incident was investigated by the Warren Police Department.

Plaintiff filed a complaint in the Court of Claims on February 6, 2018. In the complaint, plaintiff alleged that he was injured on a section of I-696 between Gratiot

2

Avenue and Mound Road and that defendant had breached its duty to maintain the highway in reasonable repair so that it was reasonably safe and convenient for public travel under MCL 691.1402(1). On February 7, 2018, plaintiff mailed an amended notice to defendant and attached a police report about the incident. This notice alleged that the chunk of concrete came "from the roadbed" and explained that the precise location of the defect could not be determined with any more specificity because of the extremely poor condition of this stretch of highway, which plaintiff stated contained more than "one thousand" potholes. Finally, on March 26, 2018, plaintiff served defendant with a copy of the complaint. Notably, plaintiff did not file either the notice or the amended notice with the clerk of the Court of Claims, as required by MCL 691.1404, which states that if a suit is filed against the state government, the requisite notice must be "filed in triplicate with the clerk of the court of claims." MCL 691.1404(2).

Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff had failed to comply with the statutory notice requirements of MCL 691.1404 before bringing suit under the highway exception to governmental immunity. Defendant argued that because no notice was filed with the clerk of the Court of Claims within 120 days of the accident, plaintiff had failed to meet the statutory notice requirement. Defendant then argued that none of plaintiff's pleadings gave proper notice because plaintiff had failed to describe the location of the accident with sufficient specificity. The Court of Claims granted defendant's motion for summary disposition, holding that a complaint could not serve as notice under MCL 691.1404(2). It also held that the notice was deficient because it failed to identify the exact location of the highway defect as required by MCL 691.1404(1).

3

Plaintiff appealed by right to the Court of Appeals. The Court of Appeals affirmed, agreeing with the Court of Claims that a complaint could not serve as notice. *Champine v Dep't of Transp*, unpublished per curiam opinion of the Court of Appeals, issued April 16, 2020 (Docket No. 347398). The Court of Appeals declined to address whether the complaint adequately identified the location of the defect.

Plaintiff timely sought leave to appeal in this Court. On April 28, 2021, we directed the clerk to schedule oral argument on the application. *Champine v Dep't of Transp*, 507 Mich 935 (2021).

## II. STANDARD OF REVIEW

"The applicability of governmental immunity is a question of law that is reviewed de novo." *Ray v Swager*, 501 Mich 52, 61; 903 NW2d 366 (2017). We also review de novo a trial court's ruling on a motion for summary disposition. *Id*. at 61-62.

## III. ANALYSIS

The GTLA immunizes a state agency from tort liability when the agency is "engaged in the exercise or discharge of a governmental function," subject to certain exceptions. MCL 691.1407(1). One such exception is the "highway exception," which allows for claims arising from defective highways—if those claims otherwise meet the narrow conditions provided by statute—to survive summary disposition. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). All plaintiffs seeking to recover under the highway exception to governmental immunity must comply with the notice requirements of MCL 691.1404, which states, in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the

4

occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency . . . . In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. Filing of such notice shall constitute compliance with [MCL 600.6431] . . . , requiring the filing of notice of intention to file a claim against the state.

Determining whether the highway exception applies is a matter of statutory interpretation. When interpreting a statute, courts must consider "the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *Andrie Inc v Dep't of Treasury*, 496 Mich 161, 167; 853 NW2d 310 (2014) (quotation marks and citations omitted). If a word in a statute is undefined, it must be given its "plain and ordinary meaning[], and it is proper to consult a dictionary for definitions." *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004). Here, the word "notice" is not defined in MCL 691.1404, so we may look to the dictionary for guidance. *Black's Law Dictionary* (11th ed) defines "notice" as "[l]egal notification required by law or agreement, or imparted by operation of law as a result of some fact (such as the recording of an instrument); definite legal cognizance, actual or constructive, of an existing right or title[.]" Similarly, *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "notice" as "warning or intimation of something," as through an announcement.[1]

---

[1] Because the legal definition of notice is substantially similar to the lay definition of "notice," we refer to both definitions in parsing the plain meaning of "notice" as it is used in MCL 691.1404.

5

Taking the plain meaning of "notice" into account, we find that nothing in the text of MCL 691.1404(2) suggests that notice cannot be provided through the filing of a plaintiff's complaint within the statutory notice period. A complaint filed within the statutory notice period, listing the factual circumstances and legal theories relevant to the cause of action, undoubtedly gives sufficient "warning" or "legal notification" of "the occurrence of the injury and the defect." See MCL 691.1404(1). We do not read "notice" in this context as requiring *advance* notice beyond the filing of the complaint. The text of the statute does not indicate that there must be some temporal gap between the filing of a notice and the initiation of a lawsuit; rather, the plain meaning of the word "notice" in this context only suggests that the state must be made aware of the injury and the defect in accordance with MCL 691.1404(2). Here, plaintiff gave timely notice by filing his complaint in the Court of Claims "within 120 days from the time the injury occurred," as required by MCL 691.1404(1).

## IV. CONCLUSION

We hold that plaintiff's complaint may serve as notice under MCL 691.1404(1) and (2). However, the Court of Appeals did not address whether the complaint adequately "specif[ied] the exact location and nature of the defect" as required by MCL 691.1404(1). Accordingly, we reverse and remand this case to the Court of Appeals to determine whether these requirements were met.

Richard H. Bernstein
Bridget M. McCormack
David F. Viviano
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

6

S T A T E   O F   M I C H I G A N

SUPREME COURT

NORMAN CHAMPINE,

       Plaintiff-Appellant,

v                                              No. 161683

DEPARTMENT OF TRANSPORTATION,

       Defendant-Appellee.

_____

ZAHRA, J. (*dissenting*).

I do not dispute the alleged facts claiming that on December 17, 2017, plaintiff was driving his vehicle on I-696 westbound near Hoover Road when a large chunk of concrete apparently dislodged from the roadbed, projected through plaintiff's windshield, and struck him. Plaintiff lost consciousness for a short period of time and woke to find himself safely exiting the freeway, from which he drove to a local gas station. He suffered significant injuries to his head and torso that were readily explained by the bloodied chunk of concrete recovered from his vehicle.

Plaintiff asserts a statutory right to recovery under the highway exception to the governmental tort liability act (GTLA).[1] Given that " 'the Legislature is not even required

---

[1] The majority opinion asserts that "[t]his case concerns a negligence claim, governed by the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., brought against defendant under the highway exception to governmental immunity, MCL 691.1402(1)." I do not characterize plaintiff's claim as one grounded in common-law negligence. Rather, plaintiff's claim is purely statutory in nature; it is a claim brought under the highway exception to the GTLA.

to provide a defective highway exception to governmental immunity, it surely has the authority to allow such suits only upon compliance with rational notice limits.' "[2]  Here, the GTLA expressly provides that "[c]laims against the state *authorized* under [the GTLA] *shall be brought* in the manner provided in"[3] the revised judicature act of 1961 (RJA).  I conclude that this language means that a prospective highway-defect claim against the state must be separately "authorized" under the GTLA and separately "brought in the manner provided" in the RJA.  A timely notice filed under the GTLA is required to "authorize" the filing of a claim under the RJA irrespective of when a plaintiff files this statutory claim.  Plaintiff did not duly file a single document under the GTLA to have "*authorized*" the filing of a claim under the RJA.  Since plaintiff's claim was not authorized under the GTLA, it could not be brought under the RJA.  There is no statutory basis that permits an unauthorized RJA claim to become authorized if the claim contains content that arguably would have satisfied a GTLA notice had that notice been properly and timely filed.  Accordingly, I would affirm the result of our lower courts and deny plaintiff's application.

## I.  BASIC FACTS AND PROCEEDINGS

Shortly after the incident giving rise to plaintiff's injuries, his counsel sent correspondence to defendant, the Michigan Department of Transportation, via certified mail; the correspondence was intended to constitute statutory notice as required under the

---

[2] *Estate of Pearce v Eaton Co Rd Comm*, 507 Mich 183, 207; 968 NW2d 323 (2021) (ZAHRA, J. *dissenting*), quoting *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 212; 731 NW2d 41 (2007).

[3] MCL 691.1410(1) (referring to "[MCL] 600.6401 to [MCL] 600.6475") (emphasis added).

GTLA. On February 6, 2018, plaintiff filed a claim against defendant. The next day, plaintiff's counsel again sent defendant correspondence claiming to be an amended statutory notice.

Defendant moved for summary disposition on governmental immunity grounds under MCR 2.116(C)(7), arguing that plaintiff had failed to comply with the GTLA's statutory notice requirement before filing a claim under the RJA. The Court of Claims granted defendant's motion, and the Court of Appeals affirmed that decision in a divided unpublished opinion.[4] We directed the clerk to schedule oral argument on the application.[5]

## II. ANALYSIS

MCL 691.1404(1) of the GTLA generally requires that a person injured because of a highway defect, within 120 days, serve a notice "[a]s a condition to any recovery for injuries . . . on the governmental agency of the occurrence of the injury and the defect." The following subsection, MCL 691.1404(2), plainly differentiates the above-described statutory notice, generally served on any governmental agency, from a specific statutory notice that is to be served on a defined entity, which, in this case, is "the *state*." Notice provided to the state "shall be filed in triplicate with the clerk of the court of claims."[6] In this case, this statutory notice was never properly filed. Had this notice been filed, the Court of Claims would have forwarded a copy to "the attorney general and to each of the departments, commissions, boards, institutions, arms, or agencies of this state designated

---

[4] *Champine v Dep't of Transp*, unpublished per curiam opinion of the Court of Appeals, issued April 16, 2020 (Docket No. 347398).

[5] *Champine v Dep't of Transp*, 507 Mich 935 (2021).

[6] MCL 691.1404(2).

3

in the claim or notice."[7] "Provisions requiring notice to a particular entity, like the Court of Claims in this case, further ensure that notice will be provided to the *proper* governmental entity, thereby protecting plaintiffs and defendants alike from having the wrong component of government notified."[8]

The majority relies on the plain meaning of the term "notice," claiming that notice is not defined in MCL 691.1404. I disagree. First, MCL 691.1404(1) does define the notice in regard to its content, requiring that it "shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." Second, MCL 691.1404(2) further defines the notice in terms of the place and manner of filing, stating that "[i]n case of the state, such notice shall be filed in triplicate with the clerk of the court of claims." These provisions reflect that the "notice" at issue here is not a common and ordinary notice but a defined "notice" that must contain particular content and must be filed in a particular place and in a particular manner.

I therefore strongly disagree with the majority's purported reliance on "the plain meaning of the word 'notice' in this context [to] only suggest[] that the state must be made aware of the injury and the defect in accordance with MCL 691.1404(2)." Here, the GTLA expressly provides that "[c]laims against the state *authorized* under [the GTLA] *shall be brought* in the manner provided in" the RJA.[9] The state's awareness of the injury and the defect alone does not authorize a claim to be filed under the RJA. Further, there is no legal

---

[7] MCL 600.6431(3).

[8] *McCahan v Brennan*, 492 Mich 730, 744; 822 NW2d 747 (2012).

[9] MCL 691.1410(1) (referring to "[MCL] 600.6401 to [MCL] 600.6475") (emphasis added).

or logical basis to conclude that an unauthorized claim filed under the RJA can authorize itself to be filed without having complied with the GTLA. A prospective highway-defect claim against the state must be "authorized" under the GTLA and "brought in the manner provided" in the RJA. Plaintiff did not duly file a single document under the GTLA to have "*authorized*" the filing of a claim under the RJA. Because plaintiff's claim was not authorized under the GTLA, it could not be brought under the RJA.[10]

Accordingly, I agree with the lower courts that plaintiff failed to comply with the GTLA and that plaintiff's claim should be dismissed.

Brian K. Zahra

---

[10] I agree with the majority that "[t]he text of the statute does not indicate that there must be some temporal gap between the filing of a notice and the initiation of a lawsuit . . . ." None of the requirements of the notice discussed above expressly stipulates that the notice be filed in advance of the claim. Still, even in the very rare instance, such as in this case, when a plaintiff files a claim before filing a notice, the plaintiff must still afterwards file a proper and timely notice that would render the claim "authorized."